(Judge Moore, of the Third Circuit, taking the place of Judge Haines.)

*CORN CITY MUT. INS. CO. v. SCHWAN, ASSIGNEE, ETC.

1. EFFECT OF TWELVE MONTHS' LIMITATION CLAUSE.

Action against an insurance company to recover a fire loss, under a policy containing a limitation clause providing that "no suit against the company shall be sustainable unless brought within twelve months from the time of the loss," cannot be maintained unless brought within twelve months from the time of the fire.

2. MEANING OF SUCH CLAUSE.

Such a clause does not mean twelve months from the time the loss was payable, where the policy requires proof of loss within thirty days, and provides that the loss shall be payable ninety days after the receipt of such proofs.

3. SUCH CLAUSE IS VALID.

Such a limitation clause is not against public policy, but consistent therewith; nor is it repugnant to statutory limitations, being simply a valid clause in a contract which the parties had the right to mak~.

ERROR to the Court of Common Pleas of Cuyahoga county.

MOORE, J.

The action below was on an insurance policy to recover a fire loss, a copy of the policy being attached to and made a part of the petition.

The fire occurred, as alleged in the petition, on August 9, 1882, causing a total loss of the insured property.

The petition was filed and the action legally commenced on Aug. 27, 1883, being one year and eighteen days after the fire.

One printed condition of the policy is this:

"15. Suit or action against this company. It is hereby expressly provided and mutually agreed that no suit or action against the company for the recovery of any claim shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within twelve months next *after the loss shall occur*, and should any suit or action be commenced *after* the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute or limitation to the contrary notwithstanding."

The petition alleges that proof of loss was made within thirty days from the fire, as required by the policy.

The defendant demurred to the petition, because it did not state facts sufficient to constitute a cause of action, the petition itself disclosing that the action was not brought within twelve months from the fire.

The demurrer was overruled by the court, and the defendant excepted and filed an answer setting up the twelve months' limitation as a bar to the action. The plaintiff demurred and the court sustained the demurrer.

Trial was then had on other issues to the court, a jury being waived, resulting in a judgment for the plaintiff. The defendant made a motion for a new trial, which was overruled by the court, and the defendant excepted. A bill of exceptions was taken embodying all the evidence.

The rulings complained of are, that the court erred in overruling the defendant's demurrer to the petition, and in sustaining the plaintiff's demurrer to the defendant's answer; thus presenting the question whether the twelve months'

*This case was cited by the Common Pleas in Coldham v. Insurance Co., upon the question of the bar arising from provision of policy requiring suits within one year. 2 Dec. 319.

limitation means that the suit must be brought within that period after the fire, or after the loss becomes payable.

The defendant in error claims that the period of twelve months begins at the time the loss is payable, and in support of this cites the provision of the policy requiring proof of loss within thirty days, and the other provision of the policy stipulating for payment within ninety days after the proof is furnished. The argument is, that the parties contemplated the period of twelve months, within any part of which the suit might be brought, and counsel cite the case of Spare v. Home Mutual Ins. Co., 17 Central Law Journal, 192, a decision by Judge Deady, U. S. Circuit Court for Oregon. The judge, in rendering that decision, cites cases reported in 89 N. R., 315; 16 W. Va., 658; 21 Minn., 85; 39 N.Y., 45; 77 N.Y., 241; 35 Texas, 249; but an examination of these cases do not justify the conclusion reached by Judge Deady.

The clauses referred to in the various cases use language essentially different from that used in the case at bar. Instead of the phrase "from the time the loss occurs," as in the present case, some of the cases read, "from the time the loss accrues," others "from the time the loss shall occur and become due," and others use equivalent phrases.

In the case at bar, the language is explicit and unambiguous, and we think it clearly means, twelve months from the time of the fire, it being the fire which produces the loss, the loss and the fire being simultaneous. In this view we are supported by the following cases exactly in point: Johnson v. Humboldt Ins. Co., 91 Ills., 92; Chambers v. Atlas Ins. Co., 51 Conn., 17 (similar provision); Conaway v. Merchants' Mut. Ins. Co., 36 La. Am., 298; Klein v. Home Mut. Ins. Co., 42 Mo., 38; Fullam v. N. Y. Ins. Co , 7 Gray, 61; many other cases cited by Justice Field, 7 Wallace, 391-2; May on Insurance, secs. 478, 479; article, 21 C. L. J., 24-27, latter part of the article being in point.

We think this limitation clause is not, as is claimed by counsel for defendant in error, inconsistent with public policy or repugnant to the principles of our statutory limitations.

Judgment reversed and cause remanded.