PLANT, APPELLANT, *v.*
ILLINOIS EMPLOYERS INSURANCE
OF WAUSAU, APPELLEE.

(No. 1979—Decided September 12, 1984.)

*Mark W. Baserman,* for appellant.
*Harold H. Reader,* for appellee.

MAHONEY, J. Plaintiff-appellant, Phillip R. Plant, challenges a trial court order granting summary judgment in favor of the defendant-appellee, Illinois Employers Insurance of Wausau. We affirm in part, vacate in part, and remand.

On October 9, 1981, Plant entered into a contract of insurance with appellee insuring against, among other things, theft of his coin collection. The policy contained the following limitation on actions:

"10. * * * No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in

any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim, provided, however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State to be fixed herein."

The insured coin collection was allegedly stolen on November 13, 1981, and the alleged theft was timely reported to appellee. In a letter dated May 25, 1982, the insurance company denied any liability to Plant and offered a full return of premium.

On November 24, 1982, the complaint was filed claiming under the insurance contract and in tort for breach of the insurer's duty of good faith. Upon motion by the company, the trial court granted summary judgment based upon the twelve-month limitation of actions contained in the insurance policy. While it is not clear whether the summary judgment order deals with both causes of action, we will assume that it does in that both issues were addressed in the briefs supporting and opposing summary judgment.

## Assignment of Error

"The trial court erred in granting summary judgment in this matter."

Plant argues as to his first cause of action that the phrase "occurrence which gives rise to the claim" should be interpreted to mean not the theft itself, but the date of the company's denial of liability, or, in the alternative, the date of the conclusion of the payment-of-claim period specified in the policy.

In Ohio, similar but not identical phrases have been found to refer to the actual act or calamity which leads to the claim under the insurance contract. See *Metz* v. *Buckeye Union Fire Ins. Co.* (1957), 104 Ohio App. 93 [4 O.O.2d 170];

*Corn City Mut. Ins. Co.* v. *Schwan* (1885), 1 Ohio C.D. 105.

In *Centennial Ins. Co.* v. *Dowd's, Inc.* (D.C. App. 1973), 306 A. 2d 648, at fn. 2, the Court of Appeals for the District of Columbia found that the phrase "occurrence which gives rise to the claim" clearly ties the running of the limitation period to the theft itself or the discovery thereof by the insured. The Supreme Court of Ohio long ago recognized that in interpreting such clauses the court is bound by the plain and clear language of the contract. *Appel* v. *Cooper Ins. Co.* (1907), 76 Ohio St. 52. We concur with the reasoning of the Court of Appeals for the District of Columbia.

We therefore find that the limitation of actions contained in the policy commenced running when the alleged theft occurred, and as such the trial court was correct in finding that Plant's claim under the policy was barred by the limitation set forth in the policy.

Plant contends that his second cause of action is a *tort* claim for breach of the company's duty of good faith and is not subject to the limitation of actions contained in the policy; thus, summary judgment should not have been granted upon that cause of action.

The tort of breach of a good faith duty is recognized in Ohio, and "* * * an insurer has the duty to act in good faith in the handling and payment of the claims of its insured. A breach of this duty will give rise to a cause of action against the insurer." *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 276.

Appellee argued, and the trial court apparently agreed, that the tort claim was also barred by the limitations provision contained in the policy. In *Hoskins, supra,* at 276, the court clearly stated that such a claim:

"* * * does not arise from * * * [the insurer's] mere omission to perform a contract obligation, * * *. Rather, the

liability arises from the breach of the positive legal duty imposed by law due to the relationships of the parties.* * *"

Thus, this tort claim is independent of the contract of insurance and is not subject to the twelve-month limitation period contained in the policy.

The company also attacks the tort claim by saying that the recovery is punitive in nature and as such should not be granted where no compensatory damages are recoverable under the policy. To say that any recovery under the tort claim is punitive is to misread *Hoskins*. The court in *Hoskins*, in paragraph one of the syllabus, clearly delineates a compensatory tort for breach of the duty of good faith. Punitive damages are recoverable in addition to compensatory damages, but are not the sole source of recovery. *Hoskins, supra*, paragraph two of the syllabus.

In this case, there were no facts presented concerning the bad faith claim; therefore, the claim was not ripe for summary judgment.

## Summary

We vacate that portion of the trial court's order applying to Plant's claim for breach of good faith and remand this cause for further proceedings on such claim. We affirm that portion of the trial court's order granting summary judgment to the company on Plant's contract claim. The judgment is affirmed in part, vacated in part, and the cause is remanded to the trial court for further proceedings consistent with the law and this opinion.

*Judgment affirmed in part, vacated in part and cause remanded.*

BAIRD, P.J., and QUILLIN, J., concur.