OPINION
{¶ 1} This is an appeal from a summary judgment ruling by the Court of Common Pleas of Fairfield County.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Appellant had acquired title to certain real estate as to which Appellee, First American Title Insurance (First American), had issued a title insurance policy.
{¶ 3} Appellant filed this action against First American and others indicating a loss as to such property had occurred relative to its title.
{¶ 4} This complaint was filed August 1, 1997, alleging breach of contract in failing to pay for the loss sustained and, in effect, asserting bad faith on the part of Appellee, particularly with respect to withdrawing legal representation.
{¶ 5} Without objection, Appellee moved to amend its answer to include expiration of the statute of limitation as an affirmative defense.
{¶ 6} Appellee then filed a 12(B)(6) motion to dismiss the complaint, which the court converted to a Civil Rule 56 motion.
{¶ 7} Appellant's response to such summary judgment motion, stated "because of various actions of bad faith".
{¶ 8} Appellee's affidavit in support of the motion provided evidence of a certified notice of representation received by Appellant on July 28, 1993.
{¶ 9} The court agreed that the statute of limitations commenced from such date and therefore the four-year limitation has passed as to the bad faith claim prior to filing.
 {¶ 10} Three Assignments of Error are raised:
 ASSIGNMENT OF ERROR
{¶ 11} "I. LOWER COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT AND RULED THAT THE STATUE OF LIMITATIONS BARRED THE PLAINTIFF'S CLAIM THAT THE INSURANCE COMPANY COMMITTED BAD FAITH WHEN IT WITHDREW LEGAL REPRESENTATION FROM THE PLAINTIFF-INSURED.
{¶ 12} "II. LOWER COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT AS TO THE SECOND COUNT OF THE PLAINTIFF'S COMPLAINT BECAUSE THE PLAINTIFF'S CAUSE OF ACTION FOR BAD FAITH WAS NOT BARRED BY THE STATUE OF LIMITATIONS BECAUSE THERE WERE GENUINE ISSUES OF ACT AS TO THE INSURANCE COMPANY'S ACTS OF BAD FAITH AND THE APPLICATION OF THE STATUTE OF LIMITATIONS.
{¶ 13} "III. LOWER COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT FOR THE REASON THAT THIS WAS THE THIRD MOTION FILED BY THE DEFENDANT-APPELLEE FOR SUMMARY JUDGMENT SINCE THE FILING OF THE COMPLAINT AND THUS IT WAS BARRED BY REASON OF RES JUDICATA AND WAIVER."
 SUMMARY JUDGMENT STANDARD
{¶ 14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
{¶ 15} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 I, II
{¶ 16} We shall address the First and Second Assignments together.
{¶ 17} The commencement of the time to file the action in the case sub judice, as stated by the Ohio Supreme Court in Oliverv. Kaiser Community Health Foundation (1983), 5 Ohio St.3d 111:
{¶ 18} "* * * statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. (Gillette v. Tucker, 67 Ohio St. 106, 65 N.E. 865; Bowers v.Santee, 99 Ohio St. 361, 124 N.E. 238; Amstutz v. King,103 Ohio St. 674, 135 N.E. 973; DeLong v. Campbell,157 Ohio St. 22, 104 N.E.2d 177 [47 O.O. 27]; Lundberg v. Bay View Hospital,175 Ohio St. 133, 191 N.E.2d 821 [23 O.O.2d 416]; Wyler v.Tripi, 25 Ohio St.2d 164, 267 N.E.2d 419 [54 O.O.2d 283]."
{¶ 19} Appellant knew of the withdrawal of representation upon receipt of the letter of notification on July 28, 1993.
{¶ 20} The filing of the motion to withdraw as counsel and entry of approval is unrelated to the notification, in particular, because, as the letter stated, Appellant could have continued with the same attorney at Appellant's costs, if desired.
{¶ 21} Such counsel could not have filed to withdraw until reasonably certain such continued representation was not to be.
{¶ 22} As to the four year statute applicability, such was discussed in United Dept. Stores Co. No. 1 v. Continental Cas.Co. (1987), 41 Ohio App.3d 72:
{¶ 23} "An insurer has the duty to act in good faith in the handling and payment of the claims of its insured. A breach of this duty will give rise to a cause of action in tort against the insurer. Hoskins v. Aetna Life Ins. Co. (1983),6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315, paragraph one of the syllabus. The tort claim is independent of the contract of insurance and is not subject to the limitation period contained in the policy.Plant v. Illinois Employers Ins. of Wausau (1984),20 Ohio App.3d 236, 20 OBR 297, 485 N.E.2d 773, paragraph three of the syllabus. Appellants' action, alleging that appellee insurer acted in bad faith in adjusting appellants' claims, is essentially a tort action and is governed by the four-year statute of limitations for torts. See Wolfe v. Continental Cas.Co. (C.A. 6, 1981), 647 F.2d 705, certiorari denied (1981),454 U.S. 1053, 102 S.Ct. 597, 70 L.Ed.2d 588. Therefore, the trial court erred in determining that appellants' claim of bad faith was barred by the limitation period contained in the insurance policy."
{¶ 24} Also, Beever v. Concinnati Life Ins. (June 10, 2003), 10 Dist. App. Nos. 02AP-543, 02AP-544:
{¶ 25} "In general, Ohio courts have held that the tort of bad faith is `independent of the contract of insurance.' UnitedDept. Stores Co. No. 1 v. Continental Cas. Co. (1987),41 Ohio App.3d 72, 73, 534 N.E.2d 878. See, also, Hoskins v. Aetna LifeIns. Co. (1983), 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (`The liability of the insurer in such cases does not arise from its mere omission to perform a contract obligation * * *. Rather, the liability arises from the breach of the positive legal duty imposed by law due to the relationships of the parties'). Thus, courts have held that actions alleging that an insurer acted in bad faith in handling an insurance claim are governed by the four-year statute of limitations for torts rather than being subject to the limitation period contained in the policy. UnitedDept. Stores, supra, at 73, 534 N.E.2d 878. See, also, Plant v.Illinois Employers Ins. of Wausau (1984), 20 Ohio App.3d 236,485 N.E.2d 773 (claim for breach of duty of good faith was independent of policy, and therefore not subject to 12-month limitations period contained in policy).
{¶ 26} "In light of the general principle that the tort of bad faith exists independent of the insurance contract, we decline to find under the particular facts of this case, where the policy proceeds have been paid, that plaintiff's bad-faith claim is an action to recover upon the policy. Accordingly, while we find that genuine issues of material fact remain as to plaintiff's bad-faith claim, we find unpersuasive plaintiff's contention that the court erred in failing to consider the applicability of R.C. 3911.06."
{¶ 27} Based upon these considerations, we reject the First and Second Assignments of Error.
 III
{¶ 28} The Third Assignment is also not well taken. While no cases are cited in support of Appellant's res judicata argument as to successive Civil Rule 56 motions, it is clear that the affirmative defense of the expiration of the statute of limitations was only raised by the amended pleading, without objection, shortly before the filing of such motion.
{¶ 29} Therefore this Assignment is overruled.
{¶ 30} This cause is affirmed at Appellant's costs.
Boggins, PJ. Gwin, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.