234

STEVENSON, Appellee,

v.

PRETTYMAN et al., Appellants.

[Cite as *Stevenson v. Prettyman*, 193 Ohio App.3d 234, 2011-Ohio-718.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94873.

Decided Feb. 17, 2011.

236

Law Offices of Cassandra Collier–Williams, Cassandra Collier–Williams, Sarah F. Cofta, and Anthony T. Parker, for appellee.

Robert J. Triozzi, Director of Law, and Catherine Ma, Assistant Director of Law, for appellants.

———————

MARY J. BOYLE, Judge.

{¶ 1} Defendants-appellants, the city of Cleveland and police officer Roger Prettyman, appeal from a judgment denying their motion for summary judgment on the basis of immunity. They raise two issues on appeal:

{¶ 2} "[1.] The trial court erred when it denied the city of Cleveland and Officer Roger Prettyman's motion for summary judgment, thus depriving them of the benefit of their immunity.

{¶ 3} "[2.] The trial court abused its discretion when it denied the city of Cleveland and Officer Roger Prettyman's motion to strike paragraph 6 of plaintiff's affidavit and exhibits B, C, D, and E of plaintiff's opposition to summary judgment."

{¶ 4} Finding merit to their appeal, we reverse the trial court's judgment.

### Procedural History and Factual Background

{¶ 5} Plaintiff-appellee, Breon Stevenson, filed a personal-injury complaint against the city and Officer Prettyman in March 2009, alleging that Officer Prettyman injured her when his patrol car struck the vehicle in which she was a passenger. She claimed that Officer Prettyman was not responding to an emergency call, did not have his lights and siren on, and acted "negligently, recklessly, and/or with willful and wanton disregard for the safety of others."

{¶ 6} The city and Officer Prettyman moved for summary judgment, arguing that the city was immune under R.C. 2744.02(B)(1)(a) and that Officer Prettyman was immune under R.C. 2744.03(A)(6).

{¶ 7} Officer Prettyman averred that on April 3, 2007, while he was transporting a prisoner to the hospital for medical treatment, he was traveling south on East 30th Street when he came to a flashing red light at Prospect Avenue. He said that he stopped at the light, did not observe any other vehicles near the intersection, and "then proceeded with caution into the intersection." When he did, he was "struck by a Chevrolet Suburban driven by Tivanni Taylor."

{¶ 8} Stevenson opposed the city's summary-judgment motion. She abandoned her claim that Officer Prettyman was not responding to an emergency call, but maintained that the city and Officer Prettyman were not immune because genuine issues of material fact remained as to whether Officer Prettyman operated his patrol car in a wanton and reckless manner.

{¶ 9} Stevenson stated in her affidavit, which was attached to her brief in opposition, that she was a passenger in a vehicle traveling east on Prospect Avenue. As her vehicle proceeded through the intersection at East 30th Street, where there was a flashing yellow light, it was struck by Officer Prettyman's patrol car. Stevenson further averred that Officer Prettyman did not stop his patrol car at the red flashing light at the intersection and that he admitted to her that the accident was his fault.

{¶ 10} The trial court denied the defendants' summary-judgment motion, finding that issues of fact existed with respect to whether Officer Prettyman's "actions constituted wanton conduct under R.C. 2744.02(B)(1) and R.C. 2744.03(A)(6)."

{¶ 11} It is from this judgment that the city and Officer Prettyman appeal. We will address their second assignment of error first for ease of discussion, as it relates to evidence that we cannot consider if we find the trial court should have stricken it.

### Motion to Strike

{¶ 12} The city and Officer Prettyman argue that the trial court erred when it denied their motion to strike exhibits that Stevenson attached to her brief in opposition, as well as one paragraph of her affidavit also attached to her opposition brief.

{¶ 13} A trial court's decision to grant or deny a motion to strike is within its sound discretion and will not be overturned on appeal unless the trial court abused its discretion. *Abernethy v. Abernethy*, 8th Dist. No. 81675, 2003-Ohio-1528, 2003 WL 1564322, ¶ 7.

{¶ 14} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). The court may consider documents that are not expressly mentioned in Civ.R. 56(C) if those documents are accompanied by a personal certification that they are genuine and are incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Drawl v. Cornicelli* (1997), 124 Ohio App.3d 562, 569, 706 N.E.2d 849, citing *Martin v. Cent. Ohio Trans. Auth.* (1990), 70 Ohio App.3d 83, 89, 590 N.E.2d 411.

{¶ 15} According to Civ.R. 56(E), "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Thus, "affidavits containing opinions * * * must meet the requirements in the Rules of Evidence governing the admissibility of opinions." *Douglass v. Salem Community Hosp.*, 153 Ohio App.3d 350, 2003-Ohio-4006, 794 N.E.2d 107, ¶ 21, citing *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 4 OBR 155, 446 N.E.2d 454, paragraph one of the syllabus.

## A. *Stevenson's Affidavit*

{¶ 16} The city and Officer Prettyman argue that the trial court erred by not granting their motion to strike paragraph six of Stevenson's affidavit, in which she averred that "the force of the impact was so severe that it caused the vehicle she was in to spin out of control and strike a fire hydrant, raised flower bed, landscaping bricks, metal/concrete post and iron fence."

{¶ 17} They claim that Stevenson is not an expert and therefore "not qualified to render an opinion on the causal link between the movement of her vehicle after impact and the severity of the impact." We disagree.

{¶ 18} A lay witness, such as Stevenson, may testify in the form of an opinion if that opinion is (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. Evid.R. 701. Stevenson was in the vehicle that collided with Officer Prettyman's car. We cannot say that her statement as to the severity of the impact was not rationally based on her perception of the impact. Further, we cannot say that her opinion did not also help to gain a clearer understanding of her testimony. Thus, the trial court did not abuse its discretion when it denied the city's and Officer Prettyman's motion to strike paragraph six of Stevenson's affidavit.

## B. *Unverified and Unauthenticated Documents*

{¶ 19} The city and Officer Prettyman further contend that the trial court erred when it denied their motion to strike copies of a police report and crash-

investigation report attached to Stevenson's brief in opposition, including a crash report and supplementary report completed by Officer Cerny, dated April 3, 2007 (the day of the accident); a statement of Officer Darryl Moore (a passenger in Officer Prettyman's patrol car at the time of the accident), dated April 10, 2007, and a Cleveland police divisional information report completed by Sergeant Mark Shepard dated April 17, 2007. These copies were not accompanied by an affidavit and were not certified or otherwise authenticated.

{¶ 20} Stevenson argues that these exhibits were provided by the city and Officer Prettyman in response to her first set of interrogatories propounded to Officer Prettyman and therefore that the trial court could properly consider them under Civ.R. 56(C). In Interrogatory No. 9, she had asked:

{¶ 21} "Have you or has anyone acting on your behalf, including attorneys, insurance representatives or investigators, obtained or received from any person, including witnesses and parties to this action, any memoranda, notes, reports, statements, testimony or other forms of information pertaining to the events leading up to the accident, the occurrence of the incident, the damages arising from the incident, and the injuries sustained as a result of the accident?"

{¶ 22} The city responded, "Objection. This interrogatory seeks information that may be protected by the attorney-client privilege or work product doctrine. Without waiving said objection, see crash report and Accident Investigation Unit (AIU) investigation."

{¶ 23} The city and Officer Prettyman argue that because they preserved their objection in their response to Stevenson's Interrogatory No. 9, the documents provided to Stevenson were not verified under oath, and thus "fatal to Stevenson's argument." We find this argument to be persuasive.

{¶ 24} Civ.R. 33(A)(3) states, "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. * * * The answers are to be signed by the person making them, and the objections signed by the attorney making them."

{¶ 25} Because the city and Officer Prettyman objected to Interrogatory No. 9, the documents they submitted were not verified or under oath. Unsworn documents, which lack affidavits, cannot be considered by the trial court under Civ.R. 56(C) and 56(E). Stevenson attempted to bootstrap unverified and unauthenticated documents to oppose the summary-judgment motion by claiming they were proper Civ.R. 56(C) evidence as "answers to interrogatories." But the trial court should not have considered these documents for purposes of summary judgment.

{¶ 26} Stevenson contends that these documents were admissible under Evid.R. 810 because they were admissions offered by the city and Officer Prettyman. But we disagree. See *Cunningham v. Akron*, 9th Dist. No. 22818, 2006-Ohio-519, 2006 WL 290100, ¶ 7 (crash report, postcollision photos, and traffic citation "do not meet the definition of an admission by a party opponent"). And although police reports constitute public records under Evid.R. 803(8), the reports in this case were not self-authenticating because they were not certified as true copies of official public records. Evid.R. 902; Civ.R. 44.

{¶ 27} In *Butler v. Young* (Jan. 14, 1999), 8th Dist. No. 73549, 1999 WL 13986, this court explained: "Police reports and private investigator's statements are not materials authorized by Civ.R. 56(C) for consideration on a motion for summary judgment. Moreover, plaintiffs did not offer evidence to authenticate these documents or to certify that they were true copies of what they were purported to be. Such authentication is a condition precedent to admissibility. Evid.R. 901. Although the police report is a public record, the report was not self-authenticating because the document was not certified as a true copy of an official public record. Evid.R. 902; Civ.R. 44. Accordingly, the trial court properly refused to consider these materials. Id."

{¶ 28} We further noted in *Butler* that "even if plaintiffs had properly authenticated the police report, its contents were hearsay and were not admissible under Evid.R. 803(8) as a public record and report. *Petti v. Perna* (1993), 86 Ohio App.3d 508 [621 N.E.2d 580]. The report was recorded by an officer who responded to the scene after the collision, was not based on his own personal observations, and merely collected statements by other witnesses. Id."

{¶ 29} Accordingly, we hold that the trial court erred by not granting the city's and Officer Prettyman's motion to strike the documents attached to Stevenson's opposition brief. The city's and Officer Prettyman's second assignment of error is sustained in part.

## Summary Judgment

{¶ 30} In their first assignment of error, defendants maintain that the trial court erred when it denied their summary-judgment motion. The only issue on appeal is whether Officer Prettyman acted in a wanton and reckless manner. If he did, then he and the city are not entitled to immunity under R.C. Chapter 2744.

{¶ 31} An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and

that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

## Three–Tiered Analysis for Determining Immunity

{¶ 32} To determine whether a political subdivision enjoys immunity under the Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, we employ the three-tiered analysis set forth in *Colbert v. Cleveland,* 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781.

{¶ 33} "The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function." *Colbert* at ¶ 7, citing *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 556–557, 733 N.E.2d 1141; R.C. 2744.02(A)(1). In the majority of cases, the broad immunity of R.C. Chapter 2744 provides a complete defense to a negligence cause of action. *Turner v. Cent. Local School Dist.* (1999), 85 Ohio St.3d 95, 98, 706 N.E.2d 1261. That immunity, however, is not absolute. *Colbert* at ¶ 7.

{¶ 34} "The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." Id. at ¶ 8, citing *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610.

{¶ 35} The express exception at issue in this case is set forth in R.C. 2744.02(B)(1), which provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority." But a political subdivision is entitled to a "full defense" against that liability if (1) a "member of a municipal corporation police department" was operating a motor vehicle while responding to an emergency call and (2) the operation of the vehicle did not constitute willful or wanton misconduct.

{¶ 36} It is undisputed that Officer Prettyman, by transporting a prisoner to the hospital, was responding to a call to duty and therefore was on an emergency call for purposes of immunity. *Colbert* at ¶ 2. There is also no dispute that Officer Prettyman did not have his lights and siren activated while transporting the prisoner. But Stevenson argues that genuine issues of material fact exist as to whether Officer Prettyman was wanton and reckless because there is conflicting evidence as to whether he stopped at the red flashing light; he claims he did, and she claims he did not.

{¶ 37} The city and Officer Prettyman concede that there is a question of fact, but contend that it is not a material fact. They argue that even if Stevenson's affidavit is taken as true—that he ran the red light—it does not create a genuine issue of material fact that he acted wantonly or recklessly because under R.C. 4511.03(A), "[t]he driver of any emergency vehicle or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

{¶ 38} The city and Officer Prettyman claim that even if Officer Prettyman did not stop at the intersection, he averred that he exercised caution as he proceeded through the intersection, a fact that Stevenson does not counter in her affidavit. They contend that they are entitled to judgment as a matter of law then because there are no genuine issues of material fact regarding whether he acted wantonly and recklessly.

{¶ 39} Stevenson disagrees, maintaining that there are issues of material fact "as to whether Officer Prettyman exercised proper caution before going through the flashing red light." She contends that "[w]hen construing the evidence most strongly in [her] favor, Officer Prettyman failed to stop at the flashing red light, while not engaging his emergency lights, sirens or horn, and, consequently," caused a collision with the vehicle she was in.

## Wanton or Reckless

{¶ 40} "Wanton misconduct" has been defined as "the failure to exercise any care toward one to whom a duty of care is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor." *Brockman v. Bell* (1992), 78 Ohio App.3d 508, 515, 605 N.E.2d 445.

{¶ 41} "[W]anton misconduct 'comprehends an entire absence of all care for the safety of others and an indifference to consequences'; '[i]t implies a failure to exercise any care toward those to whom a duty of care is owing when the probability that harm will result from such failure is great, and such probability is known to the actor. It is not necessary that an injury be intended or that there be any ill will on the part of the actor toward the person injured as a result of such conduct.'" *Thompson v. Smith,* 178 Ohio App.3d 656, 2008-Ohio-5532, 899 N.E.2d 1040, ¶ 40, quoting *Tighe v. Diamond* (1948), 149 Ohio St. 520, 526, 37 O.O. 243, 80 N.E.2d 122.

{¶ 42} "As to whether he acted recklessly, an actor's conduct is 'in reckless disregard of the safety of others if he does an act or intentionally fails to

do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" *Thompson* at ¶ 66, quoting *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 73.

{¶ 43} Typically, issues regarding recklessness, wantonness, or willfulness are questions for the jury to decide; however, the standard for showing such conduct is high. *Cunningham* at ¶ 24. Thus, when the facts presented show that reasonable minds could not conclude that the conduct at issue meets that high standard, a court may determine that such conduct is not willful, wanton, or reckless as a matter of law and that determination is made considering the totality of the circumstances. *Ybarra v. Vidra,* 6th Dist. No. WD–04–061, 2005-Ohio-2497, 2005 WL 1201224, ¶ 10, citing *Reynolds v. Oakwood* (1987), 38 Ohio App.3d 125, 127, 528 N.E.2d 578.

Analysis: Totality of the Circumstances

{¶ 44} Officer Prettyman did not activate his lights and siren. But the issue of whether an officer activated his lights and siren when responding to an emergency call is not dispositive; it is merely one factor to consider. See *Lipscomb v. Lewis* (1993), 85 Ohio App.3d 97, 619 N.E.2d 102 (a driver of an emergency vehicle does not automatically lose immunity by failing to activate the vehicle's lights or siren on an emergency run).

{¶ 45} Indeed, even if a police officer does activate his lights and siren, his actions—depending on the circumstances—may still be wanton and reckless. In *Reynolds,* a police officer, responding to an emergency call, was traveling at a speed in excess of 70 m.p.h. in a 25 m.p.h. zone with his lights and siren activated, saw an upcoming traffic light from two blocks away but made no effort to slow down through the intersection. The court held that reasonable minds could find that his actions were wanton and reckless. Id. at 128.

{¶ 46} Likewise, an officer's failure to use his lights and siren may not amount to wanton and reckless behavior. In *Lipscomb,* a police officer did not activate his lights or siren when responding to an emergency call and did not stop at a stop sign. But the evidence showed that he drove through the intersection at ten to 15 m.p.h. The court found that the officer's conduct might be negligent, but it did not amount to wanton or reckless behavior. Id. at 103.

{¶ 47} Further, for purposes of summary judgment, we will construe the facts in Stevenson's favor—that Officer Prettyman did not stop at the red flashing light. Under R.C. 4511.03(A), however, he was permitted to do so, since he was

on an emergency call—as long as he proceeded "cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway." But this statute is not dispositive either. *Weber v. Haley* (May 1, 1998), 2d Dist. No. 97CA108, 1998 WL 211832 ("if an emergency vehicle driver wantonly violates the statute, immunity may not exist"). Again, we look to the totality of the circumstances. *Ybarra*, 2005-Ohio-2497, 2005 WL 1201224, at ¶ 10.

{¶ 48} Officer Prettyman averred that he proceeded cautiously into the intersection. We find it significant that Stevenson did not counter this fact in her affidavit. Nor does she even claim that he was traveling at a high rate of speed through the intersection, or even mention his speed at all.

{¶ 49} Thus, under the totality of the circumstances in this case, we conclude that even if Officer Prettyman did not have his lights and siren activated and proceeded through the red flashing light without stopping, he did so with caution, and thus did not fail "to exercise any care whatsoever" so as to rise to the level of "wanton misconduct." We likewise find that because he proceeded with caution, his actions did not rise to the level of "reckless disregard of the safety of others."

{¶ 50} Stevenson contends that this case is analogous to *Hubbard v. Shaffer*, 8th Dist. No. 98870, 2008-Ohio-1940, 2008 WL 1822401. We disagree. In *Hubbard*, this court found that a material question of fact existed as to whether a police officer acted wantonly or recklessly when he drove at a speed of 40 to 45 m.p.h. through an intersection without activating his lights and siren. But *Hubbard* is distinguishable from this case. Besides the fact that the officer in *Hubbard* was traveling at a rate of 40 to 45 m.p.h. through the intersection, there was another key factual distinction. The officer was en route to assist a second officer when the accident occurred, but he had not been dispatched to assist the second officer, nor had the second officer requested his help. Id. at ¶ 30. The officer further admitted that he did not even know if the second officer needed his help. Thus, there was a question of material fact in *Hubbard* as to whether the officer was on an emergency call for purposes of immunity. Id. at ¶ 30. Here, there is no question that Officer Prettyman was responding to a call to duty and thus, was on an emergency call.

{¶ 51} We find this case to be more analogous to *Whitley v. Progressive Preferred Ins. Co.*, 1st Dist. No. C–090240, 2010-Ohio-356, 2010 WL 396021. In *Whitley*, there was no dispute that the officer was responding to an emergency call and entered the intersection against the red light. The officer estimated that he was traveling at a speed of 20 to 30 m.p.h., a fact that the plaintiffs did not counter. And although there was a question of fact as to whether he had activated his lights and siren, the court found that not to be dispositive. The court concluded that because the plaintiffs did not allege that the officer was

speeding, his conduct may have amounted to negligence but was not wanton and willful. Id. at ¶ 21.

{¶ 52} Thus, after reviewing the record, we conclude that Stevenson failed to meet her reciprocal burden of setting forth a genuine issue of material fact regarding whether Officer Prettyman's actions were wanton and reckless. On the facts submitted, she has at best shown negligence.[1]

{¶ 53} Accordingly, we find that the trial court erred by denying the city and Officer Prettyman summary judgment, as they are entitled to immunity. The first assignment of error is sustained.

Judgment reversed
and cause remanded.

BLACKMON, P.J., concurs.

COONEY, J., concurs in judgment only.

---

1. Even if we were to consider the documents submitted by Stevenson in her opposition brief, there is nothing in them that counters the fact that Officer Prettyman exercised caution through the intersection. They do offer varying reports as to whether Officer Prettyman came to a complete stop at the intersection, or just slowed down as he came to it. Regardless, he was still proceeding with caution. Officer Darryl Moore, who was a passenger in Officer Prettyman's vehicle, said that they approached the intersection with caution, which "seemed to be a 4 way red light at Prospect Avenue," and continued across the intersection. The motor-vehicle accident report said that Officer Prettyman and Officer Moore told the reporting officer at the scene: "As we approached Prospect we slowed down when all the traffic signals seemed to be red we continued to go through the light." The supplementary report indicated that Officer Prettyman stated that he "slowed as he entered the intersection at Prospect Avenue[,] did not observe any traffic, continued operating through the intersection and was struck." The divisional information report stated that by all accounts, Officer Prettyman stopped at the red flashing light and proceeded through the intersection, believing that "east-west bound traffic also had a red flashing light." Thus, these accounts further support our conclusion that although Officer Prettyman was negligent, his actions were nowhere near wanton and reckless—even if he did admit to Stevenson that the accident was his fault.