[Cite as *Ransom v. Erie Ins. Co.*, 2022-Ohio-3528.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

WAYNE C. RANSOM et al.,

Plaintiffs-Appellants,

v.

ERIE INSURANCE COMPANY,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 HA 0011**

---

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. CVH 2021-0032

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed, Vacated and Remanded.

---

*Atty. Travis Collins*, 105 Jamison Ave., Cadiz, Ohio 43907 for Plaintiffs-Appellants and

*Atty. R. Brian Borla*, Hanna, Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, Akron, Ohio 44333 for Defendant-Appellee.

Dated:  September 30, 2022

**Robb, J.**

**{¶1}** Appellants, Wayne C. and Katherine Ransom, timely appeal the trial court's decision dismissing their complaint against their insurer, Appellee Erie Insurance Company, with prejudice. The trial court found Appellants' complaint was time barred via the time limit for filing suit in the parties' contract of insurance. On appeal, Appellants contend they plead sufficient facts alleging Appellee waived or was estopped from invoking this one-year limitation. Appellants also assert the trial court erred in finding this contractually-imposed time limit governs their bad faith claim. For the following reasons, we agree with both assignments of error.

## Statement of the Case

**{¶2}** Appellants' home was insured by a policy of insurance with Appellee. On or about March 29, 2020, Appellants' roof sustained damage as a result of a high wind event. After the parties' negotiations came to an impasse, Appellants filed suit. Appellants' April 28, 2021 complaint asserts two grounds for relief, breach of contract and bad faith. Their breach of contract claim contends Appellee breached the policy by refusing to pay the entire cost to repair/replace their roof.

**{¶3}** For their bad faith claim, Appellants alleged Appellee breached its duty to act in good faith by refusing to pay the entire cost to repair the roof; initially denying coverage altogether; purposely delaying the handling of their claim without reasonable justification; and canceling their policy after they made a legitimate claim for coverage.

**{¶4}** Appellee moved to dismiss the complaint alleging it was barred by the one-year contractual time limit contained in the applicable policy of insurance. (May 24, 2021 Motion to Dismiss.)

**{¶5}** In their opposition, Appellants do not dispute the existence of the one-year limitation in their insurance policy but asserted Appellee waived this one-year limitation on the time to file suit and Appellee should be estopped from relying on it because the parties were engaged in ongoing communications as to the amount of coverage when the one year expired. In support, Appellants relied on and attached uncertified copies of

emails between their attorney and Appellee. (May 28, 2021 Response to Motion to Dismiss.)

{¶6} Appellants also argued in their opposition brief that this one-year contractual limitation on the time to file suit did not govern their bad faith claim. Instead, they urged the court to find this claim was governed by the statute of limitations for torts. (May 28, 2021 Response to Motion to Dismiss.)

{¶7} In reply, Appellee argued Appellants did not plead waiver or estoppel in their complaint and claimed these legal doctrines were inapplicable. Appellee also asked the court to strike the emails attached to Appellants' opposition as improper when ruling on a motion to dismiss. (June 4, 2021 Reply in Support of Dismissal.)

{¶8} The trial court subsequently granted Appellee's motion to dismiss, finding waiver and estoppel did not apply and the contractual limitation barred both of Appellants' claims. (November 10, 2021 Judgment Entry.)

{¶9} Appellants raise two assignments of error.

### Waiver and Estoppel of Contractual Statute of Limitations

{¶10} Appellants' first assignment of error contends:

"The trial court erred in finding that Appellee did not waive a contractual limitations clause where Appellant had admitted liability, refused to pay the entire amount of Appellant's damages less than one week before the expiration of the limitation period, and requested additional documents to review its decision."

{¶11} Appellants contend the trial court erred as a matter of law by rejecting their waiver and estoppel argument and granting Appellee's motion to dismiss. For the following reasons, we agree.

{¶12} Appellate courts review orders granting Civ.R. 12(B)(6) motions to dismiss de novo and without deference to the trial court's decision. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. To dismiss a complaint for the failure to state a claim upon which relief can be granted, it must appear beyond a doubt the plaintiffs can prove no facts that would entitle them to the requested relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). When reviewing whether a motion to dismiss should be granted, we accept all factual

allegations in the complaint as true and make all reasonable inferences in favor of the plaintiffs. *Id.*

**{¶13}** "'[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Cincinnati v. Beretta U.S.A. Corp.,* 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5, quoting *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).

**{¶14}** Appellants' complaint alleges the following facts. Appellants purchased a homeowner's policy of insurance from Appellee, and on March 29, 2020, Appellants' roof sustained damage due to a high wind event. They notified Appellee of the damage on July 24, 2020. (Complaint.)

**{¶15}** On September 1, 2020, Appellee denied Appellants' claim by letter indicating the damage was a result of wear and tear and the shingles were improperly installed. Appellants challenged the denial via their attorney, and on September 22, 2020, Appellee approved the claim and "agreed to provide coverage to repair the * * * roof." Due to the delay caused by Appellee's initial denial of the claim, water continued to leak and damaged the inside of Appellants' home. (Complaint.)

*{¶16}* Shortly after Appellants submitted their claim seeking coverage for their roof, Appellee canceled their homeowner's policy. (Complaint.)

**{¶17}** After submitting additional documentation of their damage to Appellee in approximately March of 2021, Appellee agreed to cover the cost to replace the shingles. The roof repair was completed in March 2021. (Complaint.) The precise date of the repair is not in the complaint.

**{¶18}** Appellants sent their roofing contractor's invoice for $12,650.63 to Appellee for payment. The date Appellants sent this invoice to Appellee is not in the complaint. After Appellee received the invoice, Appellee advised Appellants it would only pay for part of the repair, the amount equal to its estimated cost to repair/replace the roof, or $8,495.66. The date of this communication is also not included. (Complaint.)

**{¶19}** For their breach of contract claim, Appellants contend Appellee's refusal to pay the total repair and replacement cost of their roof is a breach of their contract.

**{¶20}** As for their bad faith count, their second claim for relief, Appellants alleged Appellee breached its duty to act in good faith by refusing to pay the entire cost of the claim and by its initial refusal to pay any part of the claim and issuing a blanket denial. Appellants also alleged Appellee purposefully delayed the handling of their claim without reasonable justification resulting in additional damage. Finally, Appellants assert Appellee breached its duty to act in good faith when it canceled the policy in response to Appellants submitting a claim for a loss covered by the policy. (Complaint.)

**{¶21}** In their request for relief, Appellants sought $4,154.97 in actual damages and requested punitive damages, attorney's fees, and court costs. (Complaint.)

**{¶22}** Appellee moved to dismiss the complaint under Civ.R. 12(B)(6), contending the one-year contractual provision barred Appellants' lawsuit because they did not file suit within one year after the date of the loss. Appellee argued in its motion the date of loss or damage to Appellants' property occurred on March 29, 2020, and because they filed their lawsuit on April 28, 2021, it was filed beyond the one-year time limit set forth in the parties' agreement. Appellee's motion to dismiss does not address the issue of waiver and estoppel.

**{¶23}** The applicable ErieSecure Home Insurance Policy of insurance provides in part: "'We' may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs." (May 24, 2021 Motion to Dismiss, Exhibit A.[1])

**{¶24}** In their response in opposition, Appellants did not dispute the existence of the one-year limitation clause in their policy of insurance. However, they claimed this one-year limitation did not apply and did not preclude their lawsuit because the parties were engaged in ongoing negotiations about the value of Appellants' claim when the one year expired, and as such, Appellee waived the right to raise this provision.

---

[1] Appellants did not attach a copy of the policy to their complaint, but the trial court allowed it as an exhibit to Appellee's motion to dismiss without objection. Courts may consider a document incorporated into the complaint when addressing a motion to dismiss if it is not attached to the complaint but is integral to the claims. *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, ¶ 38; *Fillmore v. Brush Wellman, Inc.,* 6th Dist. Ottawa No. OT-03-029, 2004-Ohio-3448; *Connolly Constr. Co. v. The City of Circleville*, 3d Dist. Marion No. 9-87-10 (Mar. 16, 1988); *Wallace v. MetroHealth Sys.*, N.D.Ohio No. 1:13-CV-01017, 2013 WL 5739705, *1, citing *Weiner v. Klais & Co.* (C.A.6, 1997), 108 F.3d 86, 89.

**{¶25}** Appellants relied on the Ohio Supreme Court's decision in *Hounshell, infra,* for the theory that because there were continued discussions about the value of their claim, Appellee either waived the limitation or it should be estopped from employing the limitation to bar Appellants' lawsuit. Since Appellee did not deny the claim or deny any further payment in a sufficient time to allow Appellants to file suit within the one-year time limit, Appellee could not rely on it to bar their claims. (May 28, 2021 Opposition to Motion to Dismiss.)

**{¶26}** As indicated, Appellants attempted to rely on attached email communications between their attorney and Appellee's representative as supporting their waiver and estoppel argument. However, Civ.R. 12(B) states in part:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

**{¶27}** Appellee opposed Appellants' reliance on the emails attached to their opposition brief and asked the court to strike them. The trial court did not rule on this request but it should have granted Appellee's request for several reasons. First, upon resolving a Civ.R. 12(B)(6) motion, a court is confined to reviewing the complaint and the attachments thereto. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. Second, the emails were not sworn or certified, and thus are not Civ.R. 56(E) compliant. *Stevenson v. Prettyman*, 8th Dist. Cuyahoga No. 94873, 193 Ohio App.3d 234, 2011-Ohio-718, 951 N.E.2d 794, ¶ 25 (unsworn documents cannot be considered). Last, the trial court did not give the parties a reasonable opportunity to present summary judgment evidence as required by Civ.R. 12(B) if the court was converting the motion into one for summary judgment. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 647 N.E.2d 788 (1995); *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 563 N.E.2d 713 (1990) (The reasonable

opportunity provision in Civ.R. 12(B)(6) requires a court to notify the parties when converting a motion to a Civ.R. 56(C) motion for summary judgment prior to ruling on the motion, and the failure to give the notice is reversible error.)

{¶28} To the extent the trial court considered or relied on the uncertified emails attached to Appellants' opposition brief, this was error in contravention to Civ.R. 12(B)(6). Regardless, because we review a motion to dismiss de novo, we must disregard the uncertified copies of emails attached to Appellants' opposition brief and rely only on the complaint and documents incorporated in Appellants' complaint, the policy. Upon limiting our review as required by Civ.R. 12(B)(6), we conclude Appellee's motion to dismiss lacks merit.

{¶29} As detailed previously, Appellants' complaint states their roof was damaged on March 29, 2020. The complaint also states about one year later, in March of 2021, Appellee agreed to cover the cost to replace the shingles, and Appellants' roof was repaired in March 2021. Appellants submitted their roofing contractor's invoice for $12,650.63 to Appellee for payment. The date Appellants sent this invoice to Appellee is not in the complaint. After Appellee received the invoice, Appellee advised Appellants it would only pay part of the repairs, the amount equal to its estimated cost to repair/replace the roof, or $8,495.66. The date of this communication is likewise not included in the allegations. (Complaint.)

{¶30} Appellee then moved to dismiss, arguing the complaint was filed beyond the one-year time limit to do so, as set forth in the contract of insurance. As alleged, Appellants filed suit more than one year after the date the damage occurred. However, Appellants urged the court to find Appellee had waived this provision based on its conduct showing it relinquished the one-year limitation because the parties were still negotiating the value of the claim when it expired.

{¶31} In *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 428, 424 N.E.2d 311 (1981), the Supreme Court addressed a comparable issue when reviewing a motion for summary judgment. There, the Hounshells were insured by American States and their property was destroyed by fire on August 27, 1975. There were multiple insurance policies covering the property, and American denied it was responsible for the entire loss. American offered an amount it deemed to be its pro rata share of the total insurance on

the property on January 20, 1976. The Hounshells were dissatisfied with this offer, and American increased its offer on July 7, 1976. The Hounshells contacted the other insurance company on July 15, 1976 asking it to pay the difference between American's offer and their demand, and the second insurance company denied coverage. The Hounshells filed suit in November of 1976, and American moved for summary judgment based on its 12-month limitation clause. *Id.* 428-429.

**{¶32}** The Supreme Court held an insurance company may be found to have waived its limitation of action clause based on its conduct or "recognition of liability" that "hold[s] out a reasonable hope" of payment, when the company's acts or declarations of coverage induce an insured to delay filing suit until after the expiration of the limitations period. *Id.* It found there was "an inference to be drawn that American States had admitted liability for a pro rata share of the fire loss and, as such, waived the 12-month limitation of action provision by holding out a reasonable hope of adjustment." *Id.* at 433. "[S]ince the limitation on bringing actions is a right the company has provided itself by contract, then relinquishment of such right by its own acts would reasonably constitute a waiver." *Id.* at 430. Had the company made it clear when making its offers to settle that this was the full extent of its liability with sufficient notice to allow suit to be filed, then it could have relied on the limitation of action clause. *Id.* at 433.

**{¶33}** Unlike *Hounshell*, the Supreme Court in *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 10, considered a comparable issue in an appeal from a summary judgment decision, finding Nationwide did not induce its insureds to forbear filing suit based on the company's conduct. Instead, *Dominish* held:

> Nationwide clearly stated that it was not liable beyond the amount of the check that it twice proffered to Dominish. In a letter dated September 6, 2006, Nationwide stated, "You will receive or have received, a partial denial letter, indicating the roof damage is NOT part of the covered loss, nor is any damage to personal property, nor is there any covered cause of loss for any mold related issues. All of these issues are discussed in the partial denial letter."

*Id.* at ¶ 11. Moreover, the company's letter to the insured highlighted the policy contained a one-year limitation on the right to sue. *Id.* at ¶ 15. Thus, *Hounshell* did not apply, and Nationwide did not waive the right to enforce the limitation period. *Id.*

**{¶34}** The case relied on by Appellee is akin to *Dominish*. In *Write Start Early Christian Education Ctr., LLC v. Natl. Fire & Marine Ins.*, 836 Fed.Appx. 362, 365, the United States Court of Appeals for the Sixth Circuit found National Fire made it clear it was denying certain aspects of liability and asserting its right to invoke its time limitation clause. Although National Fire admitted certain liability, "it paid for that portion of the claim well before the limitations period ran[,]" and the insured was not induced to forbear filing suit based on the company's conduct. *Id.* at 366. Thus, like *Dominish*, National Fire did not cause its insured to have "a reasonable hope of adjustment," unlike that found in *Hounshell*. *Id.*

**{¶35}** Upon accepting all factual allegations in Appellants' complaint as true and making all reasonable inferences in favor of Appellants, this court concludes Appellee agreed there was coverage under the policy and the parties' negotiations about the value of Appellants' claim were ongoing one year after the date of damage to their roof. Because of the continued and unresolved nature of the claim here, it can reasonably be inferred these negotiations or contacts showed Appellee waived the right to invoke the contractual one-year limitation.

**{¶36}** Further, Appellants' interactions with Appellee, as set forth in their complaint, depict Appellants as having a reasonable hope of receiving additional payment on their claim when the one year expired. *Id.* at 432-433.

**{¶37}** Based on the alleged facts before this court and when limiting our review only to the allegations in the complaint, this court concludes the trial court erred by granting Appellee's motion to dismiss. Although it is less than clear whether the parties' negotiations ceased before or after the one-year time limit expired—what is clear is Appellee acknowledged coverage under the policy and the parties were still communicating one year later, in March of 2021, about the extent of the coverage. Upon making all inferences in Appellants' favor, we conclude the Civ.R. 12(B)(6) dismissal was not warranted.

Case No.21 HA 0011

**{¶38}** This court cannot conclude beyond doubt that Appellants can prove no set of facts warranting relief, therefore, Appellants' first assignment of error has merit.

### Statute of Limitations for Bad Faith Claim

**{¶39}** Appellants' second assignment of error contends:

"Because a bad faith claim sounds in tort, a contractual limitations clause does not bar a cause of action for bad faith."

**{¶40}** Appellants assert the trial court erred by applying the one-year limitation clause to their bad faith claim, their second count for relief, because bad faith claims are governed by the statute of limitations for torts. This court agrees.

**{¶41}** The trial court did not explicitly address this issue, but its dismissal of all claims with prejudice makes clear it applied the one-year time limit to both of Appellants' causes of action.

**{¶42}** In *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (1983), the Ohio Supreme Court addressed whether a bad faith claim sounds in tort or arises from the contract when assessing whether to allow a punitive damage claim. It held in part:

> The liability of the insurer in [bad faith] cases does not arise from its mere omission to perform a contract obligation, for it is well established in Ohio that it is no tort to breach a contract, regardless of motive. * * * Rather, the liability arises from the breach of the positive legal duty imposed by law due to the relationships of the parties. * * * This legal duty is the duty imposed upon the insurer to act in good faith and its bad faith refusal to settle a claim is a breach of that duty and imposes liability sounding in tort.

*Id.* at 276.

**{¶43}** Relying on *Hoskins,* numerous Ohio courts have held that a contract limitation in the policy does not govern the time to file a bad faith claim because *Hoskins* made it clear an insurer's breach of the duty to act in good faith is a tort and consequently governed by the statute of limitations for torts. *Plant v. Illinois Employers Ins. of Wausau*, 20 Ohio App.3d 236, 238, 485 N.E.2d 773 (9th Dist.1984); *Stevenson v. First Am. Title Ins. Co.*, 5th Dist. Fairfield No. 05-CA-39, 2005-Ohio-6461, ¶ 23; *Beever v. Cincinnati Life Ins. Co.*, 10th Dist. Franklin No. 02AP-543, 2003-Ohio-2942, ¶ 50. *See also United Dept.*

*Stores Co. No. 1 v. Continental Cas. Co.*, 41 Ohio App.3d 72, 534 N.E.2d 878 (1st Dist.1987); *Kamnikar v. Fiorita*, 10th Dist. Franklin No. 16AP-736, 2017-Ohio-5605, ¶ 22.

**{¶44}** We acknowledge Ohio courts, including this one, have recognized two different types of bad faith claims—the first is when a claimant must prove the insurer had no lawful basis to deny coverage, and the second is when the claimant does not have to establish the underlying coverage since the claim arises from the company having a lack of a reasonable justification to act in the manner it did. *Essad v. Cincinnati Cas. Co.*, 7th Dist. Mahoning No. 00 CA 199, 2002-Ohio-2002, 34-35. However, this distinction does not affect our decision here. Based on the broad nature of Appellants' bad faith allegations plus the fact we are reviewing a decision which granted a motion to dismiss, this distinction makes no difference. As stated, Appellants' bad faith claim alleged Appellee breached its duty to act in good faith by refusing to pay the entire cost to repair the roof; initially denying coverage altogether; purposely delaying the handling of their claim without reasonable justification; and canceling their policy after they made a legitimate claim for coverage. These allegations arguably encompass both types of bad faith claims, and thus, Appellee's reliance on *Essad* is misplaced.

**{¶45}** Consequently, the trial court erred by dismissing Appellants' second claim for relief by applying the one-year contractual limitation to Appellants' bad faith claim. This assignment of error has merit.

## Conclusion

**{¶46}** Upon making all inferences in Appellants' favor, we conclude the Civ.R. 12(B)(6) dismissal was not warranted since Appellee waived its statutory one-year limitation based on its continued communications with Appellants at or about the time the one year expired. Moreover, the trial court erred as a matter of law by applying this one-year contractual limitation to Appellants' bad faith claim, which sounds in tort. Accordingly, the court finds both assigned errors have merit. The judgment is vacated and remanded for a motion to dismiss denial and the case remanded for further proceedings.

Donofrio, P J., concurs.

D'Apolito, J., concurs.

Case No.21 HA 0011

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, is reversed and its judgment vacated. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**