[Cite as *Martin v. Wandling*, 2016-Ohio-3032.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| BRYANT C. MARTIN, A Minor, | : | |
| By and Through Alana N. Fraley, his | : | Case No. 15CA4 |
| Mother and Next Friend, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND JUDGMENT |
| vs. | : | ENTRY |
| | : | |
| STEVEN E. WANDLING, Jr., et al., | : | |
| | : | |
| Defendants-Appellants. | : | **Released: 05/11/16** |

APPEARANCES:

James P. Nolan, II and Ilya L. Polyakov, Smith, Rolfes & Skavdahl Co., L.P.A., Columbus, Ohio, for Appellant Nationwide Agribusiness Insurance Company.

Jeffery L. Finley, Eachus & Finley, Gallipolis, Ohio, for Appellee.

Mary L. Pisciotta, Nationwide Trial Division, Columbus, Ohio, for Defendant Steve E. Wandling.

John F. McLaughlin, Rendigs, Fry, Kiely & Dennis, LLP, Cincinnati, Ohio, for Defendant Homesite Insurance Company of the Midwest.

Tyler Martin, Thurman, Ohio, Pro Se Defendant.

Steven K. Nord, Offut, Nord & Burchett, PLLC, Huntington, West Virginia, for Defendants Nationwide Insurance Company of America and Nationwide Mutual Fire Insurance Company.

Steven L. Story, Story Law Office, Pomeroy, Ohio, for Defendant Timothy Condee. [1]

---

[1] Although we have listed the attorneys and defendants in the underlying trial court proceedings, only Plaintiff-Appellee Bryant C. Martin, A Minor, by and through Alana N. Fraley, his Mother and Next Friend, and Defendant-Appellant Nationwide Agribusiness Insurance Company are participating in this appeal.

McFarland, J.

{¶1}  Appellant Nationwide Agribusiness Insurance Company filed a notice of appeal from the trial court's journal entry dated June 9, 2015.  Appellant raises four assignments of error which all relate to the trial court's grant of summary judgment to Plaintiff-Appellee Bryant C. Martin, A Minor, by and through Alana N. Fraley, his Mother and Next Friend, and the trial court's denial of summary judgment to Appellant.  For the reasons which follow, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2}  This declaratory judgment action arises from a serious accident which occurred on June 18, 2011 in Gallipolis, Ohio.  On that date, Bryant C. Martin, just 16 months of age, was severely injured as a result of being struck by a vehicle operated by Steven Wandling.  At the time of the accident, Bryant's parents were divorced.  Bryant was visiting with his father, Tyler Martin, at his paternal grandmother's residence, Arlene Martin.

{¶3}  Tyler Martin and Steven Wandling, longtime friends, were outside Arlene Martin's residence looking at repair work to be done.  When the two finished, Tyler Martin went inside the house and Steven Wandling got into his pickup truck to leave.  Both apparently thought Bryant and his older brother Brayden were out of harm's way.  However, when Steven Wandling started his

truck and began backing up, he felt something and stopped. Steven's truck had injured Bryant, who was subsequently taken to Holzer Medical Center. Bryant was determined to be in critical condition and transferred to Cabell Huntington Hospital in West Virginia.

{¶4} At the time of the 2014 depositions, Bryant, by all accounts, functioned as a normal 4-year-old child. However, he had suffered grievous and debilitating injuries. Bryant was hospitalized between June 18, 2011 and September 1, 2011. He sustained a fractured left femur, lacerated liver, lacerated spleen, and collapsed lungs. While hospitalized, Bryant contracted Methicillin-resistant Staphylococcus aureus (MRSA). Bryant had several surgeries to repair his liver, spleen, and left leg. Due to his lung issues, he was placed on a respirator. Bryant was in an induced coma for 43 days. He spent time at both Cabell Huntington Hospital in Huntington, West Virginia, and Children's Hospital in Columbus, Ohio. Bryant had a lengthy rehabilitation period and suffered seizures as a result of his injuries. As one would expect, Bryant's medical expenses were astronomical.

{¶5} All parties agree that at the time of the accident Steven Wandling was an underinsured driver. On March 12, 2014, Alana Martin NKA Alana Fraley filed suit on behalf of Bryant. The suit named Steven Wandling for alleged negligence, and Tyler Martin for alleged negligent supervision. The suit also

sought declaratory relief with respect to underinsured motorist coverage available

for Bryant as follows:

> 1)  A homeowner's policy issued to Arlene Martin by Homesite
> Insurance Company of the Midwest;
>
> 2)  A motor vehicle policy issued to Tyler Martin by Nationwide
> Mutual Insurance Company of America;
>
> 3)  A motor vehicle policy issued to Alana Fraley by Nationwide
> Mutual Fire Insurance Company; and
>
> 4)  A business auto policy issued to Timothy Scott Condee by
> Nationwide Agribusiness Insurance Company.

{¶6}  Hereinafter, we will focus only on the pleadings relevant to this appeal

and filed subsequently by Appellee and Appellant Nationwide Agribusiness

Insurance Company.  Appellant filed a timely answer, and also filed cross-claims

against Steven Wandling and Homesite for contribution.  Discovery amongst the

parties ensued.

{¶7}  On June 27, 2014, the trial court conducted an initial pre-trial hearing

and issued a case scheduling order as agreed upon by all parties.  Also by

agreement, October 1, 2014 was the deadline for the parties to file summary

judgment motions as to the issue of coverage available to Bryant.  Appellant filed a

motion, which the trial court granted, to bifurcate coverage issues from liability

and damage issues.

**{¶8}** On September 30, 2014, Appellee filed a motion for summary judgment as to the coverage issues under the three Nationwide policies. On October 1, 2014, Appellant filed its motion for summary judgment. The legal issue framed in the motions, as a result of the facts obtained during discovery, was whether or not on the date Bryant was injured he was a "family member" as defined by the policy issued to Timothy Scott Condee by Appellant. On October 20, 2014, Appellee filed a response to Appellant's motion for summary judgment. Also on October 20, 2014, Appellee filed motions to strike alleged inadmissible evidence submitted in Appellant's motion for summary judgment. On October 21, 2014, Appellant filed a memorandum contra to Appellee's motion for summary judgment. Also on this date, Appellee filed motions to strike Appellant's supplement to their motions for summary judgment and motions to strike inadmissible evidence in the memorandum contra.

**{¶9}** On October 29, 2014, Appellant filed a reply memorandum in support of his motion for summary judgment. On October 31, 2014, Appellee filed a motion to strike inadmissible evidence in Appellant's reply memorandum. The trial court scheduled an oral hearing on all pending motions. During the hearing on March 17, 2015, the parties were given the opportunity to make arguments and the matter was deemed submitted to the court for decision on the various pending motions.

{¶10} On March 25, 2015, Appellant filed a motion to supplement its motion for summary judgment. On March 31, 2015, the trial court denied Appellant's motion. On April 1, 2014, the trial court granted Appellee's motions to strike inadmissible evidence contained in Appellant's motion for summary judgment, memorandum contra, and reply. The trial court also granted Appellee's motion to strike Appellant's supplement to its summary judgment motion.

{¶11} On April 9, 2015, Appellant filed a motion for leave to file a sur-reply in opposition to Appellee's summary judgment motion and a motion for leave to file a counterclaim *instanter.* On April 20, 2015, Appellee filed a motion to add a necessary party for just adjudication. On April 21, 2015, the trial court granted Appellee's motion, which then allowed Timothy Scott Condee to be added as a party defendant. On April 22, 2015, Appellee filed her second Amended Complaint.[2] On the same date, the trial court denied Appellant's motion for leave to file a sur-reply.

{¶12} On April 22, 2015, the trial court granted Appellee's motion for summary judgment as to coverage issue and denied Appellant's motion for summary judgment. On May 1, 2014, the trial court denied Appellant's motion for leave to file its counterclaim. Appellant timely filed an answer to the second amended complaint. On May 15, 2015, Appellant also filed a motion for

---

[2] Plaintiff had previously been given leave to file a first amended complaint in order to correct the proper Nationwide entity which insured Alana Fraley.

reconsideration of the trial court's rulings.  On May 26, Appellee filed a response

to the motion for reconsideration.  On June 9, 2015, the trial court overruled the

motion for reconsideration.

{¶13}  Also on June 9, 2015, the trial court amended its April 22, 2015

journal entry to include Civil Rule 54(B) language.  This timely appeal followed.

Additional facts will be set forth below, where relevant.

ASSIGNMENTS OF ERROR

"I. WHETHER THE TRIAL COURT ERRED IN STRIKING
NATIONWIDE AGRIBUSINESS' EVIDENCE DISPUTING THE
RESIDENCY OF ALANA MARTIN AND GRANTING
PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY
JUDGMENT.

II. WHETHER APPELLANT'S COUNTER-CLAIM SHOULD
HAVE BEEN ADMITTED ONTO THE RECORD OR IN THE
ALTERNATIVE COULD SUMMARY JUDGMENT HAVE BEEN
GRANTED ON PLAINTIFF-APPELLEE'S SECOND AMENDED
COMPLAINT ABSENT ANSWER FROM NEWLY LISTED
NECESSARY PARTIES.

III. WHETHER THE TRIAL COURT WAS INCAPABLE OF
GRANTING PLAINTIFF-APPELLEE'S MOTION FOR
SUMMARY JUDGMENT ABSENT A COMPLETE COPY OF THE
NATIONWIDE AGRIBUSINESS POLICY WITHIN THE
RECORD.

IV. WHETHER THE TRIAL COURT ERRED BY GRANTING
SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE PREMISED
WHOLLY UPON SELF-SERVING TESTIMONY."

{¶14}  For ease of analysis, we have considered Appellant's four

assignments of error out of order.  We begin with discussion of the third assigned

error.

## Assignment of Error III

"III. WHETHER THE TRIAL COURT WAS INCAPABLE OF
GRANTING PLAINTIFF-APPELLEE'S MOTION FOR
SUMMARY JUDGMENT ABSENT A COMPLETE COPY OF THE
NATIONWIDE AGRIBUSINESS POLICY WITHIN THE
RECORD."

## Standard of Review

{¶15}  Summary judgment is appropriate if the party moving for summary

judgment establishes that (1) there is no genuine issue of material fact, (2)

reasonable minds can come to but one conclusion, which is adverse to the party

against whom the motion is made, and (3) the moving party is entitled to judgment

as a matter of law. Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler,* 129

Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Chase Home Finance, LLC*

*v. Dunlap,* 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, 2014 WL 3940314,

¶ 26.

{¶16}  The moving party has the initial burden of informing the trial court

of the basis for the motion by pointing to summary judgment evidence and

identifying parts of the record that demonstrate the absence of a genuine issue of

material fact on the pertinent claims. *Whitt v. Wolfinger,* 4th Dist. Ross No.

14CA3455, 2015-Ohio-2726, at ¶ 11; *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662

N.E.2d 264 (1996); *Chase Home Finance* at ¶ 27.  Once the moving party meets

this initial burden, the nonmoving party has the reciprocal burden under Civ.R.

56(E) to set forth specific facts showing that there is a genuine issue remaining for

trial. *Dresher* at 293, 662 N.E.2d 264.

{¶17}  "[I]n reviewing a summary judgment, the lower court and the

appellate court utilize the same standard, i.e., we review the judgment

independently and without deference to the trial court's determination." *Arnold v.*

*Ratliff,* 4th Dist. Ross No. 98CA2408, 1998 WL 767096, (Oct. 26, 1998), *1.  See,

*Midwest Specialties, Inc. v. Firestone Co.*, 42 Ohio App.3d 6, 8, 536 N.E.2d 411

(1988).

Legal Analysis

{¶18}  Appellant contends, in ruling on motions for summary judgment, that

the trial court was obligated to review the entire Nationwide Agribusiness policy.

Appellant argues Appellee did not provide a complete copy of the policy in the

original and amended complaints, as required by Civ.R. 10(D).[3]  Appellant also

argues that the affidavit of Timothy Condee, attached to Appellee's motion for

summary judgment, incorrectly states that the policy attached therein is a true,

accurate, and entire copy of the policy.  Appellant concludes therefore that

---

[3] This is correct.  In the Complaint, Plaintiff states:  "Plaintiff has not attached a copy of said policy of insurance whereas the original of said policy is in the custody of Defendant Nationwide Agribusiness Insurance Company." Plaintiff attached only the declarations page.  The same is true of the amended complaint.  However, the second amended complaint attaches a copy of the policy and the policy declarations, the same that is attached to the affidavit of Timothy Condee supporting Plaintiff-Appellee's motion for summary judgment.

Appellee is not entitled to summary judgment because a complete copy of the relevant policy was not in the record before the trial court.

{¶19} Appellee responds to Appellant's contention by pointing out Appellant failed to make timely objection to the alleged failure to have a complete copy of the policy in the record. While Appellant states in its brief that it raised the issue of the policies in the October 21, 2014 and November 5, 2014 memorandum contra, our review indicates that the issue was not raised until Appellant's motion to file sur-reply filed April 9, 2015. And, Appellee points out that when the parties engaged in oral argument on March 17, 2015, Appellant never raised the issue of the alleged failure. At the conclusion of arguments that day, the matter was deemed submitted.

{¶20} In *Arnold, supra,* the appellant asked this court to determine what law should apply to govern the contractual relationship between other parties in the case, Nationwide Insurance Company and an insured driver, Fannin. The case turned on the application of R.C. 3937.18, the statute which governs uninsured/underinsured motorist coverage and which had undergone substantive changes at the time. To resolve the matter, the language of the original policy along with its issuance and renewal dates were necessary facts. In reversing the trial court's grant of summary judgment to Nationwide, we stated:

> "Nationwide's policy with Fannin is not part of the record. Therefore, we cannot determine whether the renewal of the policy created a new

contract.  Furthermore, there is nothing in the record indicating the original effective date of the policy.  So, even if the language of the policy established a two-year contract as the appellant argues, we have no way to determine when this two-year period began or ended.  Thus, factual issues remain as to the policy's original effective date and whether the language of the policy created a two-year policy or a renewable shorter term contract for a total period of two years. See also, *Chavis v. Tanner* (Apr. 20, 2000), Ross App. No. 99CA2526, unreported (remand for production of originally issued policy to determine breadth of coverage at the time of the accident); *Davis v. State Farm Fire and Cas. Co.* 10th Dist. Franklin No. 00AP-1458, 2001-Ohio-8884."

{¶21}  Appellant directs us to *Hillyer v. State Farm Ins. Co.,* 11th Dist. Lake No. 97-L-031, 1998 WL 1093918, (Dec. 18, 1998), where State Farm argued that the relevant policy was never properly before the trial court because appellants never attached a 1994 policy to its complaint pursuant to Civ.R. 10(D), and subsequently failed to attach the policy as appropriate Civ.R. 56(C) evidence in a summary judgment exercise.  However, State Farm admitted in its answer that: (1) the 1994 policy existed; (2) that policy had UM/UIM coverage with limits of $100,000 per person and $300,00 per accident; and (3) that Martin Hillyer never rejected UM/UIM coverage under the 1994 policy.  The Eleventh District Appellate Court agreed with appellants, concluding as follows:

"It is axiomatic that in order to be entitled to summary judgment, a party must be entitled to judgment as a matter of law. *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996).  A court cannot adequately interpret an insurance policy without actually reading and analyzing the policy in its entirety.  Therefore, neither party was entitled to summary judgment with respect to UM/UIM coverage under the 1994 policy because the trial court did not have a complete copy of the

1994 policy. Accordingly, the trial court erred in granting summary judgment on this issue, and State Farm's assignment of error on cross-appeal is well-taken to this extent."

{¶22} In *Threatt v. White*, 10th Dist. Franklin No. 96APE03-302, 1996 WL 684141, State Farm argued that the plaintiff did not timely object to State Farm's failure to attach a copy of the policy to its motion for summary judgment. State Farm also pointed out that generally, appellate courts will not consider errors which the complaining party failed to call to the attention of the trial court at a time the trial court could have corrected or avoided the error. *LeFort v. Century 21-Maitland Realty Co*., 32 Ohio St.3d 121, 123, 512 N.E.2 640, (1987). The appellate court noted, however, that Civ.R. 56(C) places an affirmative duty upon trial courts to deny summary judgment unless the evidence or stipulations submitted in support of a motion for summary judgment permit reasonable minds to reach one conclusion, that conclusion being adverse to the non-movant. See, *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264. In *Threatt*, the appellate court held that State Farm's failure to attach the relevant insurance policy could not be waived, as it left no evidence in the record to support the trial court's grant of summary judgment. (The only documentary evidence attached to State Farm's motion was a copy of a police report.)

{¶23} In *Nagode v. Cent. Reserv. Life of N. Amer. Ins. Co.,* 8th Dist. Cuyahoga No. 52943, 1987 WL 19259 (Oct. 29, 1987), the appellate court found

it was unable to address the merits of the appellant's argument because the master insurance policy was not part of the record on appeal. The appellate court noted although an excerpt from the policy was attached to the appellant's answer, the disputed provisions of the policy were not in evidence.

{¶24} In *State Farm Mut. Auto. Ins. Co. v. Cheeks*, 5th Dist. Stark No. 2013CA00135, 2014-Ohio-410, the appellant argued the trial court erred in granting summary judgment to appellee because a certified copy of the insurance policy including subrogation provisions was not attached to appellee's motion for summary judgment. However, the appellate court noted in appellant's response to appellee's motion for summary judgment that appellant failed to dispute specific facts as to subrogation claims set forth in affidavits attached to the motion for summary judgment. *Id.* at ¶ 17. The appellate court found the trial court did not err in granting appellee summary judgment even though appellee failed to attach a copy of the insurance policy to its motion for summary judgment.

{¶25} In the case sub judice, Appellee filed her motion for summary judgment on September 30, 2014. In support of the motion, Appellee attached the affidavit of Timothy Condee. Attached to Timothy Condee's affidavit is a Nationwide Agribusiness business auto policy with policy declarations and various endorsements. Condee's affidavit avers that the policy number is FPKN BAN 6623491477, and that it provides coverage for a 2008 Ford F-250 pickup truck for

the time period of March 22, 2011 through August 2, 2011.  Condee's affidavit

also avers it is a complete copy of the policy.[4]

{¶26}  Appellant filed its motion for summary judgment on October 1, 2014.

Attached as "Exhibit A" is a certified copy of the Nationwide Agribusiness

Farmowners policy.  This policy purports to cover a dwelling and household

personal property, with various farm endorsements.  It provides relevant coverage

dates of August 2, 2010 through August 2, 2011.

{¶27}  Appellant has framed the core issue on appeal as "The determination

of coverage for Bryant Martin was dependent upon whether Bryant Martin meets

the definition of 'family member' as that term is defined in the Nationwide

Agribusiness policy."  We further note Appellant's brief recites in its statement of

facts at pages 8 and 9, the Nationwide Agribusiness Policy Provisions as follows:

> **A.  Coverage**
> 1. We will pay all sums the "insured" is legally entitled to
> recover as compensatory damages from the owner or operator of:
> a. An "underinsured motor vehicle" as defined in Paragraph F.4.
> because of "bodily injury":
>
> 1) Sustained by the "insured"; and
> 2) Caused by an "accident".
>
> * * *
>
> **B.  Who Is An Insured**

---

[4] We observe in our de novo review of the record that Appellant's proposed counter-claim alleged in pertinent part at Paragraph 2: "Defendant issued a Farm Package to Timothy S. Condee, which included but was not limited to a Business Auto Policy, for the Policy period of 3/22/11 to 8/2/11 numbered as No. FPKN BAN 6623491477 ("Policy").  [The Farm Package has not been attached due to its volume and Defendant has also sought leave of this Court as part of Defendant's Sur-Reply, wherein a Complete Certified Farm Package with Policy can be provided by Defendant].

If the named insured is:
1. An individual, then the following are "insureds":
a. The named Insured and any "family members".

\* \* \*

**C. Exclusions**
This insurance does not apply to: \* \* \*
7. A person suffering "bodily injury" who is not an
"insured" under this policy.

\* \* \*

**F. Additional Definitions**
As used in this endorsement:
1. "Family member" means a person related to an individual Named
Insured by blood, marriage or adoption who is a **resident** of such
Named Insured's household, including a ward or foster child.

**{¶28}** The above-cited policy language is also recited in Appellee's brief

and statement of facts at pages 10 and 11.[5] However, nowhere in the policy

attached as Exhibit A to Appellant's motion for summary judgment is contained

the above-cited underinsured motorist language cited by Appellant's motion for

summary judgment at pages 5 and 6.

**{¶29}** In *Worthington v. Speedway*, 4th Dist. Scioto No. 04CA2938, 2004-

Ohio-5077, an appeal in a breach of contract action, this court noted that the

appellee had not filed a deposition and further, that the appellant had not objected

to the appellee's utilization of facts contained in the unfiled deposition. In

*Worthington* at footnote 1, we stated:

---

[5] In addition, Appellee's brief provides the relevant language from the Nationwide Agribusiness policy attached to Condee's affidavit for Auto Medical Payments Coverage.

"Civ.R. 56(C) directs the court to consider only 'the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.' When the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate. *Bowmer v. Dettelbach* (1996), 109 Ohio App.3d 680, 684, 672 N.E.2d 1081; *Rinehart v. W. Local School Dist. Bd. of Edn.* (1993), 87 Ohio App.3d 214, 219, 621 N.E.2d 1365; *Boydston v. Norfolk S. Corp.* (1991), 73 Ohio App.3d 727, 731, 598 N.E.2d 171, fn. 2; *Ohio City Orthopedics, Inc. v. Medical Billing And Receivables, Inc.,* Cuyahoga App. No. 81930, 2003-Ohio-1881 (when opposing party did not object to moving party's attaching of non-filed deposition transcripts, appellate court would consider such evidence); *Freshour v. Radcliff* (July 20, 1993), Ross App. No. 1941.

* * *

Because appellant did not object to appellee's reference to his unfiled deposition, we will consider the evidence." See also *Nationwide Mut. Fire Ins. Co. v. Wittekind*, 134 Ohio App.3d 285, 289, 730 N.E.2d 105 (4th Dist. 1999).

{¶30} Based upon our de novo review of the record, we find the trial court did not err on the basis that a complete copy of the relevant insurance policy was not contained in the record. Appellant failed to timely object to the policy provided in Timothy Condee's affidavit. Yet, this case is unlike the facts in *Threatt,* where the failure to attach a complete policy could not be waived because there would not be evidence in the record to support judgment.

{¶31} Here, Appellant failed to object to any alleged error with regard to the policy attached to Condee's affidavit until April 9, 2015, over six months after

Appellee filed her motion for summary judgment and Appellant filed its own motion for summary judgment and memorandum opposing Appellee's motion. Moreover, the complained of error would be more of a technical nature than a substantive problem in that Appellant and Appellee apparently agree as to the exact same policy language governing the underinsured motorist coverage.[6] While Appellant urges that we are obligated to review the entire policy, Appellant does not also suggest any other provisions of the policy which would be necessary to resolution of the issues contained herein. Here, the failure to object can be waived because there is evidence in the record to support the trial court's ruling.

{¶32} This case is unlike *Arnold, supra*, where in order to resolve the legal question, issuance and renewal dates were necessary facts not contained in the record. Nor is this case similar to *Nagode, supra,* where disputed provisions of the relevant insurance policy were also not in evidence. If there is additional policy language which Appellant believes is necessary to consideration of this matter, Appellant fails to direct us to it. Given Appellant's failure to object to the policy in a timely manner and the fact that the policy language itself does not seem to be in dispute, we do not see any error on the part of the trial court by deciding this matter without a "complete" copy of the policy in the record.

---

[6] It is difficult to see this as a legitimate dispute when Appellant cites the policy attached to Condee's affidavit at footnote 33 of its brief for the pertinent underinsured policy language. Furthermore, as referenced in footnote 4 herein, later Appellant apparently had the correct or complete business auto policy and language, policy number, policy period attached to its proposed counter-claim.

{¶33} For the foregoing reasons, we find no merit to Appellant's third assignment of error. As such, it is hereby overruled. We turn next to discussion of Appellant's second assignment of error.

Assignment of Error II

"II. WHETHER APPELLANT'S COUNTER-CLAIM SHOULD HAVE BEEN ADMITTED ONTO THE RECORD OR IN THE ALTERNATIVE COULD SUMMARY JUDGMENT HAVE BEEN GRANTED ON PLAINTIFF-APPELLEE'S SECOND AMENDED COMPLAINT ABSENT ANSWER FROM NEWLY LISTED PARTIES."

Standard of Review

{¶34} The provisions of Civ.R. 15(A) state in pertinent part that parties may amend their pleading by leave of court and that such leave "shall be freely given when justice so requires." This Court, and others, has long noted that the ultimate decision to grant leave to amend a pleading is vested in the sound discretion of the trial court and its decision on such matters will not be reversed absent a showing of an abuse of that discretion. *Keller v. Russell,* 4th Dist. Scioto No. 99CA2659, 2000 WL 772609, *3. See *Easterling v. Am. Olean Tile Co., Inc.*, 75 Ohio App.3d 846, 850, 600 N.E.2d 1088, 1091 (4th Dist. 1991). An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Keller, supra.* See *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342,1998-Ohio-387, 695 N.E.2d 1140, 1142; *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 448, 1996-Ohio-311, 659 N.E.2d 1242, 1249;

*State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St.3d 62, 64, 1995-Ohio-172, 647 N.E.2d 486, 488. This is a difficult standard to meet. *Keller, supra*, at *3.

Legal Analysis

**{¶35}** Ohio law endorses a liberal policy of allowing amendments when the allowance is not sought in bad faith and it would not cause undue delay or prejudice to the opposing party. *Keller v. Russell, supra.* See *Barrette v. Lopez*, 132 Ohio App.3d 406, 725 N.E.2d 314 (7th Dist. 1999); *Body, Vickers & Daniels v. Custom Machine, Inc.*, 77 Ohio App.3d 587, 591, 602 N.E.2d 1237, 1239-1240 (8th Dist. 1991). The Ohio Supreme Court has consistently cautioned that cases should be decided on their merits whenever possible. *Keller, supra. State ex rel. Montgomery v. R & D Chem. Co.*, 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 822 (1995); *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951, 952 (1983); *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175, 297 N.E.2d 113, 122 (1973). Here, we must determine whether the trial court abused its discretion when it allowed Appellee to amend the complaint a second time while denying Appellant's motion to amend its answer to assert the counter-claims.

1. Appellant's motion to amend.

**{¶36}** On April 9, 2015, Appellant requested leave to amend its answer to add a counter-claim. Appellant argues the amendment was necessary to add

allegations of material misrepresentation, concealment, and fraud, evidence of which was allegedly discovered by Appellant during discovery proceedings and motion practice.  Appellant urges permitting it to file a counter-claim would not cause undue delay of the proceedings or prejudice to the other parties.  Appellant contends the trial court obviously abused its discretion by denying Appellant's motion to amend while granting Appellee's April 20, 2015 motion to amend the first amended complaint to add a necessary party.  Appellant argues these rulings demonstrate the trial court's lack of objectivity and thus, an abuse of discretion.

{¶37}  Appellee responds by arguing that any evidence of misrepresentation, fraud, and/or concealment supporting a counter-claim would have been gained during the depositions taken in July and September 2014.  Appellee also argues she would have been prejudiced by Appellant's allegations asserted well past the discovery deadline of August 15, 2014, with no time for Appellee to depose additional witnesses or otherwise investigate the allegations.  We agree with Appellee and find no abuse of discretion with regard to the trial court's rulings.

{¶38}  The record reveals the initial complaint was filed on March 12, 2014.  Appellant filed its answer and cross-claims on April 16, 2014.  On June 3, 2014, Appellee filed interrogatories and a request for production upon Appellant.  The

depositions of Alana Fraley, Tyler Martin, and Steven Wandling took place on July 30, 2014.[7]

{¶39} On September 11, 2014, Appellant still had not forwarded a certified copy of the Nationwide Agribusiness policy which provided coverage to Timothy Condee. On September 19, 2014, Appellee filed a motion for an order compelling discovery against Appellant. The trial court set the matter for hearing on October 10, 2014.

{¶40} On October 2, 2014, Appellee filed a motion for leave to amend the complaint to add "Nationwide Mutual Fire Insurance Company" as a party defendant as it had been ascertained that the above was the entity which actually provided automobile insurance coverage to Alana Fraley instead of Nationwide Insurance Company of America.[8] Appellee asked that the amendment relate back to the date of the original complaint filing. On October 3, 2014, Appellee's motion was granted and on October 7, 2014, the amended complaint was filed. On October 10, 2014, Appellee withdrew the motion for an order compelling discovery. In late September and October 2014, the parties filed their motions for summary judgment and responses to other parties.

{¶41} On April 9, 2015, Appellant filed the motion for leave to file a counter-claim instanter. Appellant argued the motion was supported by

---

[7] The depositions of Mr. and Mrs. Condee took place on September 11, 2014.
[8] It would appear Appellee's counsel learned the actual name of the insurance entity when a copy of the policy was finally received from defense counsel.

information learned since the filing of the original complaint and first amended

complaint.  Appellant asserted the depositions of Connie Condee, Alana Fraley,

and Timothy Condee taken in July and September 2014 contained testimony

regarding Alana's and her son's residency which was contrary to information

Connie Condee and Alana Fraley provided in recorded statements after the

accident in the summer of 2011.  Appellant had further investigated the conflicting

information, obtained various documents and urged that the information obtained

subsequent to the filing of the amended complaint supported the filing of a

counter-claim for material misrepresentations, fraud, and concealment.

{¶42}  On April 17, 2015, Appellee filed a response to Appellant's motion

for leave.  On May 1, 2015, the trial court denied Appellant's motion for leave to

file a counter-claim.  In overruling Appellant's motion, the trial court noted various

factors influencing the decision, including, as follows:

> 1)  On June 27, 2014, deadlines had been scheduled by agreement of
> the parties;
>
> 2)  Various motions for summary judgment and responses and replies
> had been filed in September and October 2014;
>
> 3)  An oral hearing had been conducted on March 17, 2015 in which
> the parties argued the merits of the various motions and motions to
> strike;
>
> 4)  The trial court had overruled Appellant's motion for summary
> judgment;

5) Appellant's proposed counter-claim requested relief essentially based upon the same or similar arguments contesting Appellee's residency and made in Appellant's motion for summary judgment;

6) The motion filing deadline was April 3, 2015 and Appellant's motion for leave was filed after the deadline;

7) Appellant's motion for leave was filed over 5 months after the motions for summary judgment were filed;

8) Appellant's motion for leave was filed almost a month after the March 17, 2015 oral hearing on pending motions, where the issue was never raised;

9) Appellant's motion for leave to file a counter-claim was filed after Appellant received other adverse rulings;

10) The recorded statements were obtained in the summer of 2011 and depositions of the same individuals were conducted in July and September 2014;

11) Final pre-trial of the matter was scheduled for May 15, 2014 and jury trial was scheduled for June 15, 2015.

{¶43} The trial court concluded that Appellant's motion for leave to file a counter-claim was filed over 7 months after the parties' and witnesses' deposition where awareness of any potential counter-claim arose and was thus untimely. The trial court further concluded permitting Appellant to file a counter-claim would cause undue prejudice to the opposing party. Based upon our review of the record, and without reiterating the reasons the trial court set forth distinctly, we agree with the trial court. Nothing in the trial court's reasoning, as set forth above, suggests the trial court erred and abused its discretion.

2. <u>Appellee's motion to amend complaint a second time.</u>

**{¶44}** On April 20, 2015, Appellee filed a Civ.R. 19 motion for leave to add a party needed for just adjudication. Appellee proposed to add Timothy Condee, Bryant Martin's maternal grandfather and Appellant Nationwide Agribusiness Insurance Company's insured client. On April 21, 2015, the trial court granted Appellee's motion and ordered that the amendment relate back to the original complaint. On April 22, 2015, Appellee's second amended complaint was filed. Also on April 22, 2015, the trial court granted Appellee's motion for summary judgment and overruled Appellant's motion for summary judgment.

**{¶45}** Appellant points out in its April 14, 2014 answer, it asserted the affirmative defense of failure to join necessary parties. Appellant contends Appellee knew of this defense at the time of the filing of the answer and delayed, yet the trial court somehow found Appellee's motion to amend timely and did not find Appellant's motion to amend to add a counter-claim timely. Appellant further argues it has been prejudiced by the trial court's ruling in that Appellant did not have the opportunity to file any discovery against Mr. Condee or solicit other evidence to impeach his limited deposition testimony.

**{¶46}** Appellee contends that Appellant was not prejudiced by the trial court's ruling. Appellee points out Mr. Condee had previously been deposed and adding him was nothing but a formality. The amendment did not delay the case in

any manner. Mr. Condee had been deposed at the same time as the other parties. Appellee concludes Appellant is unable to show bad faith, undue delay, or undue prejudice.

{¶47} As alluded to above, the spirit and policy behind the Civil Rules dictates that courts should attempt to resolve cases upon their merits and not upon pleading deficiencies. *Keller, supra*, at *3. See *State ex rel. Huntington Ins. Agency, Inc. v. Duryee,* 73 Ohio St.3d 530, 533, 1995-Ohio-337, 653 N.E.2d 349, 353. Our review of the record and dates of the proceedings causes us to agree that there was no prejudice caused to Appellant by granting Appellee's motion to add Mr. Condee. Although his deposition was relatively short [23 pages], he was questioned primarily about the residency issue, which has been Appellant's key issue throughout the proceeding.

{¶48} Furthermore, while Appellant points out it raised the issue of failure to name all necessary parties in its initial and timely answer, we note Appellant did not apparently raise this defense until well after the declaratory judgment/summary judgment deadlines in the fall of 2014. Appellant first pursued this issue in its motion to file sur-reply filed April 10, 2015. Again, this is after the motion deadline of April 3, 2015.

{¶49} We find nothing about the fact that the trial court permitted Appellee to amend the complaint a second time to name Timothy S. Condee as a party to

suggest an unreasonable, arbitrary, or unconscionable attitude.  Mr. Condee's

insurer had been party to the suit since its inception and had defended vigorously.

Adding Mr. Condee as defendant allowed the pleadings to conform to the evidence

and settled any future jurisdictional technicalities which had not been previously

raised anyway.  As such, we find no merit to Appellant's arguments herein.

Appellant's second assignment of error is overruled.

{¶50}  Appellant's first assignment of error deals with both the trial court's

grant of Appellee's motion to strike Appellant's evidence attached to the motion

practice pleadings and the trial court's grant of summary judgment to the Appellee.

At this juncture, we will address only the motion to strike.

<u>Assignment of Error I</u>

"I. WHETHER THE TRIAL COURT ERRED IN STRIKING
NATIONWIDE AGRIBUSINESS' EVIDENCE DISPUTING THE
RESIDENCY OF ALANA MARTIN AND GRANTING
PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY
JUDGMENT."

Standard of Review

{¶51}  We have previously set forth the standard of review of Civ.R. 56,

motion for summary judgment.  If a party submits evidence that does not fall

within Civ.R. 56(C)'s parameters, the opposing party may file a motion to strike

the improperly-submitted evidence. *Wesley v. Walraven,* 4th Dist. Washington No.

12CA18, 2013-Ohio-473, at ¶ 22.  The determination of a motion to strike is within

a court's broad discretion. *Id.* See, *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 23. Consequently, absent an abuse of discretion, an appellate court will not disturb a trial court's ruling regarding a motion to strike. *State ex rel. Mora v. Wilkinson,* 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 10.  A decision constitutes an abuse of discretion when it is unreasonable, arbitrary, or unconscionable. *State ex rel. Striker v. Cline,* 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11. Moreover, when applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Berk v. Matthews,* 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

Legal Analysis[9]

{¶52}  Civ.R. 56(C) sets forth an exclusive list of evidentiary materials that a trial court may consider when ruling upon a summary judgment motion. *Walraven, supra*, at ¶ 21, citing *Emerson Family Ltd. Partnership v. Emerson Tool, LLC,* 9th Dist. Summit No. 26200, 2012-Ohio-5647, ¶ 14, citing *Spier v. American Univ. of the Caribbean,* 3 Ohio App.3d 28, 29, 443 N.E.2d 1021 (1st Dist. 1981).  The rule prohibits a trial court from considering any evidence or stipulation except the "pleadings, depositions, answers to interrogatories, written admissions, affidavits,

---

[9] Although no issue of finality and appealability of the ruling on Appellee's motion to strike has been raised, we pause to observe that the trial court's ruling in favor of Appellee constitutes an interlocutory ruling merged into the final judgment on the motion for summary judgment. See, *Rallya v. A. J. Rose Mg. Co.,* 9th Dist. Lorain No. 08CA009327 2008-Ohio-6351, ¶ 12.

transcripts of evidence in the pending case, and written stipulations of fact." Civ.R. 56(C). Accord *Davis v. Eachus,* 4th Dist. Pike No. 04CA725, 2004-Ohio-5720, ¶ 36; *Wall v. Firelands Radiology, Inc.,* 106 Ohio App.3d 313, 334, 666 N.E.2d 235 (6th Dist. 1995). Furthermore, when ruling on a summary judgment motion, a court may consider only evidence that would be admissible at trial. *Pennisten v. Noel,* 4th Dist. No. 01 CA669, 2002 WL 254021 (Feb. 2, 2000), at *2.

{¶53} In the case sub judice, Appellant consistently disputed the residency of Alana Fraley and her son Bryant. Appellee filed motions to strike evidence attached to the various pleadings of Defendant Nationwide Insurance Company of America *and* Defendant Nationwide Agribusiness Insurance Company.[10] Appellant's attachments to the pleadings and depositions supported Appellant's arguments against residency. Appellant's brief states: "[The trial court] granted all of Appellee's Motions to Strike, in effect removing nearly every piece of evidence presented by Nationwide Agribusiness to the Court." Appellant further states: "Specifically the trial court ruled Nationwide Agribusiness could not supplement its summary judgment motion under Civ.R. 56(E) * * *." We note in its Appendix, Appellant attached only the trial court's ruling as to Defendant Nationwide Insurance Company of America, *not* Defendant Nationwide

---

[10] Nationwide Insurance Company of America, not a party in this appeal, filed identical responses to Appellee's motions to strike. Defendants Nationwide Insurance Company and Nationwide Agribusiness Insurance Company filed some pleadings jointly.

Agribusiness Insurance Company.[11]  However, because the trial court's reasoning

for granting Appellee's motion to strike, contained in both journal entries, is

essentially the same, we will proceed to address Appellant's arguments regarding

the trial court's ruling.

{¶54}  Appellant contends the following evidence was erroneously stricken

from the court's consideration:

1)  The Affidavit of Jennifer Sims, a Nationwide Agribusiness
employee (attaching the recorded statement of Connie Condee dated
July 25, 2011);

2)  The Affidavit of Edward Burger, a Nationwide Insurance
Company of America employee (attaching the recorded statements of
Connie Condee dated July 15, 2011 and August 3, 2011);[12]

3)  Hospital records of Bryant Martin; and,

4)  Miscellaneous records from Alana Fraley's employer, the Gallia
County Sheriff's Department, and Ms. Fraley's utility bills.

{¶55}  We first analyze the trial court's April 1, 2015 entry as it pertains to

the motion to strike Appellant's supplement.  The affidavit of Jennifer Sims was

attached to the supplement.  Sims' affidavit purported to authenticate the recorded

---

[11] In support of its arguments, Appellant references the journal entry granting the motion to strike as "Exhibit Q" of the Appendix.  This journal entry rules that "Plaintiff's Motion to Strike *Defendant Nationwide Insurance Company of America's* Supplement to Motion for Summary Judgment" is well taken and that said supplement is ordered stricken. (Emphasis added.)  This is filing No. 108 on the court's docket.  However, the proper filing supporting Appellant's arguments herein appears to be No. 110 on the court's docket.  This "Journal Entry" states in the first paragraph it shows consideration of, among other pleadings, "Plaintiff's Motion to Strike *Defendant Nationwide Agribusiness Insurance Company's* Supplement to Motion for Summary Judgment." (Emphasis again added.)  Where Appellant's brief references the entry designated "Exhibit Q," for its arguments, Appellant is technically incorrect.

[12] The affidavit of Edward Burger was not attached to Appellant's Nationwide Agribusiness Insurance Company's motion for summary judgment.  It was attached to Defendant Nationwide Insurance Company's Supplement to Motion for Summary Judgment which the trial court also ordered stricken as untimely.

statement of Connie Condee dated July 25, 2011. (This statement was also attached as Exhibit 2 to Connie Condee's deposition).

**{¶56}** The trial court's ruling set forth its reasoning in detail. The trial court noted the supplement was filed without leave of court, twenty-one days after the filing deadline. The trial court further noted the motion deadline was agreed upon by all parties in June 2014. The trial court found that leave of court was required to supplement a motion for summary judgment after the filing deadline and to allow the supplement would cause other parties to disregard agreed upon timelines. We agree. We find the trial court did not abuse its discretion in striking an affidavit which was filed outside of the established deadline.

**{¶57}** We next analyze the trial court's April 1, 2015 entry as it pertains to the "Motion to Strike Inadmissible Evidence Contained in Defendant Nationwide Agribusiness insurance Company's Motion for Summary Judgment." In the motion, Appellee had moved to strike the following exhibits attached to Appellant's motion for summary judgment and depositions filed within the case:

1) Exhibit B - the change of address form from the United States Postal Service website;

2) Exhibit 4 - Nationwide Children's Hospital medical records of Bryant Martin;

4) Exhibit 5 - Nationwide Children's Hospital consent form;

5) Exhibit 6 - the recorded statement of Connie Condee dated July 15, 2011 and taken by Kristi Eilerman; and

6) Exhibit 7 - the recorded statement of Connie Condee dated August 3, 2011 and taken by Donna Elliot.

{¶58} The trial court noted Exhibits 4, 5, 6, and 7 were all attached to the deposition of Connie Condee. The trial court found these exhibits did not qualify as evidence which the court had discretion to consider under Civ.R. 56(C) and (E). We agree.

{¶59} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. In applying this rule, Ohio courts have consistently held that "if an exhibit or item of evidence does not fall within one of the cited categories of permissible materials, it can only be viewed when it has been incorporated by reference into an affidavit which satisfies Civ.R. 56(E)." *Gold v. Smith-Kaplan,* 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 14, quoting *McGhan v. Vettel,* 11th Dist. Ashtabula No. 2008-A-0036, 2008-Ohio-6063, ¶ 23, citing *Skidmore & Assocs. Co., L.P.A. v. Southerland,* 89 Ohio App.3d 177, 623 N.E.2d 1259 (9th Dist. 1993).

{¶60} Civ.R. 56(E) sets forth the criteria for affidavits as follows:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." *Gold, supra,* at 15.

**{¶61}** "Documents submitted in defense against a motion for summary judgment must be properly 'sworn, certified or authenticated by affidavit' or they may not be considered in determining whether there is a triable issue of fact." *Gold, supra,* at 16 quoting *Burkhart v. H.J. Heintz Co.,* 6th Dist. Wood No. WD-12-008, 2013-Ohio-723, ¶ 12, quoting *Green v. B.F. Goodrich Co.,* 85 Ohio App.3d 223, 228, 619 N.E.2d 497 (9th Dist. 1993); see also *Douglass v. Salem Comm. Hosp.,* 153 Ohio App.3d 350, 2003-Ohio-4006, 794 N.E.2d 107, ¶ 25 (7th Dist.). Although the rule appears harsh, Ohio courts consistently apply this rule and recognize that "documents that have not been sworn, certified, or authenticated by way of affidavit 'have no evidentiary value.' " *Mitchell v. Internatl. Flavors & Fragrances, Inc.,* 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 17 (1st Dist.), quoting *Lance Acceptance Corp. v. Claudio,* 9th Dist. Lorain No. 02CA008201, 2003-Ohio-3503, ¶ 15. In other words, if the documents are not authorized under Civ.R. 56(C), they cannot be considered by the trial court. See *Skidmore* at 179.[13]

**{¶62}** We begin with Exhibits 6 and 7, the recorded statements of Connie Condee, attached to her deposition. Exhibit 6 was made to Kristi Eilerman on July 15, 2011; and Exhibit 7 was made to Donna Elliott on August 3, 2011. In *Babal v.*

---

[13] One exception to this rule exists - if the opposing party fails to raise an objection to the admission of the documents, the court may in its sound discretion elect to consider the documents. *Lytle v. Columbus,* 70 Ohio App.3d 99, 104, 590 N.E.2d 421 (10th Dist. 1990).

*Babal*, 8th Dist. Cuyahoga App. No. 63044, 1992 WL 136500, (June 11, 1992), the

appellate court described the requirements under Civ.R. 56(C) for considering an

oral statement that has been transcribed. These requirements include an affidavit

from the party conducting the audio interview that identifies the time and place of

the recording and indicates that the attached transcription of the audio recording is

accurate. The affiant should also state that the audio recording was made with the

knowledge and consent of the party being recorded. *Id.* at *4-5. Obviously, the

statements attached as exhibits to Condee's deposition and then referenced in

Appellant's motion for summary judgment do not meet the standard described

under Civ.R. 56(C) for the court's consideration of an oral statement which has

been transcribed.

{¶63} In *Gilbert ex rel. Cincinnati*, 174 Ohio App.3d 89, 2007-Ohio-6332,

880 N.E. 2d 971, (1st Dist.), relators filed a petition for writ of mandamus to

compel respondents to commence an appropriation proceeding. The petition was

supported, amongst other materials, by a document entitled "MSD Fact Sheet" that

was attached to a witness's deposition as an exhibit. However, when asked, the

witness could not attest to the accuracy of the document because he did not create

it. The appellate court noted the document could not be relied upon because its

accuracy could not be confirmed. *Id.* at 34. Similarly, in the case sub judice, Mrs.

Condee was specifically questioned regarding her recollection of the three recorded statements. She clearly denied recollection of giving each statement.

{¶64} In the case sub judice, the recorded statements did not meet the Civ.R. 56(C) standard by being submitted in Appellant's motion for summary judgment by proper attachment to an affidavit. Given the fact that the deponent, Connie Condee, did not recall making the statements, the trial court could not consider them simply because they were exhibits attached to her deposition. Based on the above, we find the trial court did not abuse its discretion by striking Appellant's evidence in Exhibits 6 and 7 .

{¶65} We turn next to Exhibits 4 and 5 attached to Appellant's motion for summary judgment. Both of these exhibits are from Nationwide Children's Hospital where Bryant Martin was treated for his injuries. Exhibit 4 appears to document Bryant's current medical history. Exhibit 5 appears to be a consent for treatment.

{¶66} In order for any document presented to be admissible evidence for summary judgment purposes, it must be accompanied by a personal certification that such document is, in fact, genuine. *Koop v. Speedway,* 12th Dist. Warren No. CA2008-09-110, 2009-Ohio-1734, ¶ 8. *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684, 672 N.E.2d 1081 (6th Dist. 1996), citing *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 222-223, 515 N.E.2d 632 (8th Dist. 1986).

Documents submitted in opposition to a motion for summary judgment that are neither sworn or certified, nor authenticated by affidavit, have no evidentiary value and may not be considered by the trial court in ruling on a motion for summary judgment. See *Schriever v. Burkhart* (Jan. 21, 1992), Butler App. No. CA91-01-019, at 5 ("the failure to authenticate a document submitted on summary judgment renders the document void of evidentiary value"); see, also, *Douglass v. Salem Community Hosp.,* 153 Ohio App.3d 350, 794 N.E.2d 107, 2003-Ohio-4006, (7th Dist.), ¶ 25.

{¶67} Medical records that are not sworn, certified, or put into evidence by way of affidavit do not qualify as allowable evidence under Civ.R. 56(C) and should not be considered by the trial court. *Gabriel v. Ohio State University Medical Center,* 10th Dist. Franklin No. 14AP-870, 2015-Ohio-2661*, ¶* 24. *Ogolo v. Greater Cleveland Regional Transit Auth.,* 8th Dist. Cuyahoga No. 99675, 2013-Ohio-4921, ¶ 19, citing *Citizens Ins. Co. v. Burkes,* 56 Ohio App.2d 88, 95-96, 381 N.E.2d 963 (8th Dist. 1978), citing *Olverson v. Butler,* 45 Ohio App.2d 9, 340 N.E.2d 436 (10th Dist. 1975).  A trial court errs when it considers such records in ruling on a motion for summary judgment. *Widdig v. Watkins,* 4th Dist. Cuyahoga No. 13-CA-3531, 2013-Ohio-3858.

{¶68} Appellant points out the medical records were provided in discovery by Appellee.  Appellant also argues that Alana Fraley provided the relevant history

contained in the documents and identified her signature on the consent form. While both Connie Condee and Alana Fraley testified regarding the medical records, neither is the proper party to certify that the documents are genuine. These documents should have been submitted into evidence by way of an affidavit from an employee of Nationwide Children's Hospital certifying that the records were kept in the regular course of the hospital's business. Again, we find no abuse of discretion by the trial court's ruling striking these records.[14]

{¶69} Finally, we turn to analysis of the trial court's April 1, 2015 ruling on "Plaintiff's Motion to Strike Inadmissible Evidence in Defendant Nationwide Agribusiness Insurance Company's Reply Memorandum in Support of Its Motion for Summary Judgment." Plaintiff-Appellee moved to strike Exhibits D and E attached to the reply memorandum. Exhibit D consisted of documents from Gallia County Sheriff's Department. Again, we find the trial court did not abuse its discretion.

{¶70} "Police reports are generally inadmissible hearsay." *Walraven, supra,* at ¶ 33; *State v. Hall,* 8th Dist. Cuyahoga No. 96680, 2012-Ohio-266, ¶ 12, citing *State v. Leonard,* 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, and *State v. Ward,* 15 Ohio St.3d 355, 358, 474 N.E.2d 300 (1984). "A police report is not admissible under the business-records exception in Evid.R. 803(6), if it recites

---

[14] Appellee also moved to strike Exhibit B, a change of address form, of which the Appellant requested the court take judicial notice. However, on appeal, Appellant does not make argument with regard to this document.

hearsay statements received by the officer from others." *State v. Daniel,* 2nd Dist.

Montgomery No. 24151, 2011-Ohio-2821, ¶ 15.

{¶71} In *Stevenson v. Prettyman,* 193 Ohio App.3d 234, 2011-Ohio-718,

951 N.E.2d 794 (8th Dist.), ¶¶ 27-28, the court held that police records are not

listed as Civ.R. 56(C) evidence that a trial court may consider when ruling on a

summary judgment motion.  The court stated:

> "In *Butler v. Young,* (Jan. 14, 1999), 8th Dist. No. 73549, 1999 WL 13986, this court explained: 'Police reports and private investigator's statements are not materials authorized by Civ.R. 56(C) for consideration on a motion for summary judgment.  Moreover, plaintiffs did not offer evidence to authenticate these documents or to certify that they were true copies of what they were purported to be.  Such authentication is a condition precedent to admissibility. Evid.R. 901.  Although the police report is a public record, the report was not self-authenticating because the document was not certified as a true copy of an official public record. Evid.R. 902; Civ.R. 44.  Accordingly, the trial court properly refused to consider these materials. *Id.*'
>
> * * *
>
> We further noted in *Butler* that 'even if plaintiffs had properly authenticated the police report, its contents were hearsay and were not admissible under Evid.R. 803(8) as a public record and report. *Petti v. Perna,* (1993), 86 Ohio App.3d 508 [621 N.E.2d 580].  The report was recorded by an officer who responded to the scene after the collision, was not based on his own personal observations, and merely collected statements by other witnesses. *Id.*' "

{¶72} We find the trial court did not abuse its discretion in striking the

evidence submitted from the Gallia County Sheriff's Office.  Even if the documents were authenticated from a representative of the sheriff's department, the contents of Appellant's statement were hearsay and not admissible.

{¶73}  Exhibit E consisted of employment records regarding Alana Fraley from the Gallipolis Development Center.  These records, even if authenticated by an employee of the Gallipolis Development Center, were not properly attached to an affidavit as required.  As such, we find the trial court did not abuse its discretion by striking them as evidence.

{¶74}  For the foregoing reasons, we find the trial court did not abuse its discretion in granting Appellee's motions to strike.  As such, we overrule the first assignment of error as it pertains to the motion to strike.  We will conclude this opinion by addressing Appellant's contention in the first assignment of error that the grant of summary judgment was erroneous in conjunction with Appellant's fourth assignment of error that the trial court's decision was based only upon self-serving testimony presented by Appellee.

Assignment of Error IV

"IV. WHETHER THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE PREMISED WHOLLY UPON SELF-SERVING TESTIMONY."

Standard of Review

{¶75} Here, our task is to conduct a de novo review of the record. After determining above that the trial court's grant of Appellee's motion to strike was not in error, we begin by setting forth what materials were properly in the trial court's record. It appears the following relevant materials were what the trial court had to consider:

Appellee's Motion for Summary Judgment and Memorandum in Opposition:

1. The depositions of Steven Wandling, Alana Fraley, Tyler Martin, Connie Condee, and Timothy Scott Condee;

2. The affidavit of Timothy Scott Condee; and,

3. The Nationwide Agribusiness policy insured Timothy Condee.

Appellant's Motion for Summary Judgment and Memorandum in Opposition:

1. The above depositions and including the deposition of Arlene Martin; and,

2. The Nationwide Agribusiness policy.

Legal Analysis

{¶76} "[T]he interpretation of an insurance contract is a matter of law, which we review de novo." *Comisford v. Erie Property Cas. Co.,* 4th Dist. Gallia No. 10CA3, 2011-Ohio-1373, quoting *Siegfried v. Farmers Ins. of Columbus, Inc.,* 187 Ohio App.3d 710, 933 N.E.2d 815, 2010-Ohio-1173, at ¶ 11, citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm,* 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 1995-Ohio-214. "In interpreting an insurance policy, the court's role

is to give effect to the intent of the parties to the agreement.  In doing so, [w]e examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy.  We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy.  When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Eastley v. Volkman,* Scioto App. Nos. 09CA3308 & 09CA3309, 2010-Ohio-4771, at ¶ 50, citing *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 11 (internal quotations omitted) (alteration sic).  However, "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380, (1988), syllabus.

{¶77}  The policy language at issue has been set forth above but we will restate it here:

> **A.  Coverage**
> 1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or operator of:
> a. An "underinsured motor vehicle" as defined in Paragraph F.4. because of "bodily injury":
>
> 1) Sustained by the "insured"; and
> 2) Caused by an "accident".
>
>        * * *

### B.  Who Is An Insured
If the named insured is:
1. An individual, then the following are "insureds":
a. The named Insured and any "family members".

* * *

### C.  Exclusions
This insurance does not apply to: * * *
7. A person suffering "bodily injury" who is not an
"insured" under this policy.

* * *

### F.  Additional Definitions
As used in this endorsement:
1. "Family member" means a person related to an individual Named
Insured by blood, marriage or adoption who is a **resident** of such
Named Insured's household, including a ward or foster child.

{¶78}  There is no dispute that Mr. Condee, the insured, is an individual; that he is related to Bryant Martin as his maternal grandfather; that Bryant sustained bodily injury as a result of an accident; and that Steven Wandling was an underinsured person at the time of the accident.  The principal issue between these parties is the residency of Alana Fraley and Bryant Martin at the time of Bryant's accident.  Appellee contends she and her sons resided at Blessing Road in Patriot, Ohio, with her parents on June 18, 2011.  Appellant disagrees, arguing that Bryant Martin in particular resided at 1485 Herman Road, Gallipolis, Ohio.

{¶79}  Appellant argues the trial court relied on the questionable testimony of Tyler Martin, Arlene Martin, and Steven Wandling to corroborate the self-serving testimony of Alana Fraley, Connie Condee, and Timothy Condee that

Alana Fraley and her children resided with the Condees at the Blessing Road address at the time of Bryant's accident. The trial court found that Bryant Martin had lived in the household of Timothy S. Condee for a period of "some duration and (not "or") with regularity and as a result thereof was a resident and family member within the meaning of the subject insurance policy." However, Appellant contends the weight of the documentary evidence supports Appellant's position that Fraley and her sons resided at Herman Road on the accident date. Appellant concludes Appellee has failed to meet the burden of demonstrating entitlement to coverage. Appellant requests the trial court's grant of summary judgment to Appellee should be reversed and Appellant's motion for summary judgment should be granted.

{¶80} In *Farmers Ins. of Columbus v. Taylor,* 39 Ohio App.3d 68, 528 N.E.2d 968, (10th Dist. 1987), the principal issue was the definition of "resident of your household" in a homeowner's policy. The *Taylor* court defined "resident" as "[O]ne who lives in the home of the named insured for a period of some duration or regularity, although not necessarily there permanently, but excludes a temporary or transient visitor." In *Entenman v. Auto-Owner's Ins. Co.,* 136 Ohio App.3d 541, 737 N.E.2d 119 (6th Dist. 2000), the appellate court noted the only other case which adopted a different rule from *Taylor* was a bright-line test followed in *Plessinger v. Cox,* 2nd Dist. Darke No. 1428, 1429, 1997 WL 797689 (Dec. 31,

1997), which defined the residency of a minor child of divorced parents as "[O]nly when the minor is in the custody, care, supervision, and control of the insured parent *at the time of the accident* [occurrence] pursuant to the court's custody and/or visitation decree." (Emphasis added.)  As *Comisford, supra*, is still relevant law, our district continues to apply the *Taylor* rule.  In recent years, *Flynn v. State Farm Mut. Auto Ins.* Co., 554 Fed.Appx. 430, United States Court of Appeals, 6th Circuit, (Feb. 10, 2014), cited *Taylor* observing: "All twelve of Ohio's appellate districts have adopted this definition of 'residing in the same household.' "

{¶81}  The *Entenman* court also recognized the fact pattern of a particular case plays a significant role in determining whether an individual is a resident of a household. *Prudential Property & Cas. Co. v. Koby,* 124 Ohio App.3d at 178-179, 705 N.E.2d 748, 750-751 (Citations omitted.)  Ohio courts usually examine several factors including "the amount of time the person spends at the household, the person's age, the person's intent, and whether the insured is 'legally obligated' to the person." *Id*.

{¶82}  Following the *Taylor* rule, we must determine whether the trial court had evidence before it demonstrating that Bryant Martin lived in the home of his grandfather, Timothy Condee, "for a period of some duration or regularity," and that he was not a "temporary or transient visitor."  As set forth above, the only

evidence the trial court had properly before it in determining this issue were the

depositions of the parties and the insurance policy.[15]

**{¶83}** In the case sub judice, the facts in the record indicate Bryant's parents

Alana and Tyler met in 2005 and married in 2007. However, they divorced in

2008. Their older son, Brayden, was the subject of a court-ordered shared custody

plan pursuant to their divorce. Alana was the primary custodian of Brayden. Tyler

worked on a riverboat and was gone two weeks at a time.

**{¶84}** After the divorce, Alana and Tyler reunited for a period of time.

They purchased a home on Herman Road in approximately November 2009.

Subsequently Bryant was born on February 27, 2010. Alana testified

approximately one day after Bryant's first birthday, on February 28, 2011, she and

Tyler again broke up.

**{¶85}** Alana testified on or about February 28, 2011, she moved out of the

Herman Road address she shared with Tyler, and moved into her parents' home on

Blessing Road in late February or early March 2011. She stored her larger

furniture and she and her boys moved their necessities, clothes, and bedding into

rooms at her parents' house. Since they had not remarried, Alana and Tyler

utilized the same shared parenting plan that covered Brayden for both boys.

Tyler's visitation with the boys was every other weekend, time shared between

---

[15] Appellant submitted a USPS change of address form of which the trial court declined to take judicial notice. Appellant has not argued its exclusion on appeal. As such, we do not include it here.

holidays by arrangement, and vacation time by arrangement. Tyler did not dispute Alana's recollection of these dates and arrangements.

{¶86} Alana also testified she did not change her address because it wasn't convenient and due to her work schedule, she had not had the time to do so. She had mail coming to both Blessing Road and Herman Road.

{¶87} Tyler Martin testified that between February 28, 2011 and June 18, 2011, the Herman Road address was empty. He went to work on February 28, 2011 and when he returned Alana was not living there. To his knowledge, she lived at her parents and he picked up the children from the Condees' residence. Arlene Martin, Tyler's mother, testified that she knew her son moved out of the house after February 28, 2011. She did not know when Alana moved.

{¶88} Connie Condee also testified that her daughter and grandsons moved back to the Condees' home on Blessing Road, however, she recalled it was about the second week of April 2011. She admitted there was no discussion as to how long they would be staying. She also recalled that they stored their furniture elsewhere. Mrs. Condee testified even when Alana and Tyler were together, the Condees had the boys 95% of the time due to Alana's and Tyler's work schedules. In fact, Mrs. Condee testified she had cared for the boys in her home 6-7 days a week since Bryant was born, due to the work schedules. Mr. Condee also recalled his daughter and her sons moved back with them in mid-April, 2011.

{¶89} Steven Wandling's recollection of Alana's and Tyler's living arrangements was that no one lived at Herman Road after Tyler moved out. Mr. Wandling actually looked at the Herman Road property approximately a month and a half prior to the accident and it was empty. He also testified that Alana and her sons lived with her parents.

{¶90} Based upon the evidence properly before the court, we find the trial court did not err when it granted summary judgment to Appellee. The record indicates that Alana and her sons had moved to the Condees' Blessing Road address at least by mid-April 2011. The trial court found that at the time of the accident, June 18, 2011, Bryant lived at Blessing Road with some duration and with regularity. We agree.

{¶91} Bryant was 16 months old at the time of the accident. The evidence demonstrates that prior to the accident, and even prior to his parents' second and final separation, Bryant stayed with his grandparents 95% of the time. While we do not know how long Alana intended to stay with her parents, and while Mr. Condee was not legally obligated to have Bryant in his home, the evidence demonstrates that Bryant was not a temporary or transient visitor. He had lived with his grandparents since at least mid-April 2011 and was regularly there anyway.

{¶92} Furthermore, we are not persuaded that the parties and witnesses collaborated to provide manufactured or self-serving testimony. If so, they would have likely "gotten their stories straight" in order to avail Alana and Bryant of all insurance proceeds possible. Alana Fraley, Tyler Martin, Arlene Martin, and Steven Wandling were deposed on July 30, 2014. However, Alana did not testify to any specificity about where Tyler lived in order to avail Bryant and herself of the underinsured benefits of Arlene Martin's policy. She even testified that sometimes Tyler did not get the boys for his visitation. Similarly, Arlene Martin was unable to provide evidence as to where Alana went after Tyler moved out of the Herman Road address.

{¶93} Mr. and Mrs. Condee were deposed on September 11, 2014. With over a month after the other witnesses were deposed to "develop" their own testimony, Mrs. Condee could not specify a date when Tyler moved out of the Herman Road address. Mr. Condee was unable to corroborate the details of the visitation arrangements between Alana and Tyler. Mr. and Mrs. Condee indicated Alana and the children moved in with them in mid-April 2011, whereas Alana recalled it was late February or early March 2011. We also agree with the trial court that Alana's failure to change her mailing address on various documents is hardly dispositive of the issue of her address on the date of Bryant's accident.

{¶94} For the foregoing reasons, we find the trial court did not err when it granted summary judgment to Appellee and overruled Appellant's motion for summary judgment.  We agree with the trial court's finding that Bryant Martin had resided in the Condee household for some duration and with regularity on June 18, 2011. Accordingly, the fourth assignment of error is also without merit and is hereby overruled.  As such, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.:   Concurs in Judgment and Opinion as to Assignments of Error I, III, & IV; Concurs in Judgment Only as to Assignment of Error II.

Harsha, J.:   Concurs in Judgment Only as to Assignments of Error I, III, & IV; Dissents as to Assignment of Error II.

For the Court,

BY:   _____
        Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**